JAMES v. RIVET ET AL.

———

(March 23, 1931.  Opinion and Decree.)
(May 13, 1931.  Rehearing Refused.)

———

P. L. Fourchy, of New Orleans, attorney for plaintiff, appellant.

Chas. J. Rivet, of New Orleans, attorney for defendants, appellees.

JANVIER, J.  Plaintiff, a colored cook, was knocked down by an automobile driven by the son of one of the defendants.

She alleges that she had left the residence at which she worked and which was located on Octavia street, between Freret street and Claiborne avenue, and that she had walked along the lower side of Octavia street to Freret street for the purpose of boarding a street car, which would pass on the latter street; that when she reached the corner of Freret and Octavia streets she proceeded to cross Freret, but that, as a street car was approaching, she stood at a spot near the middle of the street to allow the street car, which she intended to board, to pass her and come to a stop, so that she might, by proceeding around its rear end, enter by the rear doorway; that just as the street car came to a stop and just as she started to pass behind it she was violently struck by the automobile in question.

She alleges that the automobile was owned by Trist B. Rivet and was "being driven and operated with his knowledge and consent and for his account by one Henry B. Rivet"; that the said Henry B. Rivet was a minor, whose father, George Rivet, was in the automobile, and that, both Trist B. Rivet and George Rivet are responsible for the actions of the said driver of the car, and that both are therefore liable to plaintiff.

On an exception to the citation the suit was dismissed as to one of the defendants, Trist B. Rivet, and he is no longer interested in the matter.

The evidence shows that the automobile was being driven by Henry B. Rivet, that the said driver was of full age of majority and was the owner of the automobile. It is difficult, then, to understand on what theory it would be possible to hold George Rivet liable. Surely the fact that he was a passenger in the car would not render him liable to a third person for injuries caused by the driver, if it was not his car, and if the person driving was not in his employ and was not his minor child. Still, he himself gave testimony which may justify the belief that he, to some extent, was interested in the ownership of the automobile, and since this question was not raised, and since, at all events, we have come to the conclusion that there is no liability in any one, we deem it advisable to decide the case on the merits.

Defendant contends that plaintiff was not on the usual pedestrian walkway across Freret street, but that she was some twenty or thirty feet below the actual intersection when she left the river side of Freret street and proceeded into the street and walked directly in front of the approaching automobile.

We find the facts to be that the street car, which was on a downtown trip on Freret street, had stopped at the lower side of Octavia street to allow prospective passengers to embark, and that the automobile, which was following, had come to a stop in the rear, and that, just after the street car started, the automobile also started and turned slightly to the left, so that it might pass, and that, while it was alongside the street car and near the front end thereof, plaintiff stepped in front of it, having emerged from a position of obscurity behind certain bushes on the sidewalk.

There can be no doubt that, when plaintiff was picked up, she was quite a distance below the intersection of Octavia street, and, in view of the fact that the automobile is shown to have been stopped almost instantly after striking her, it necessarily follows that she could not have been crossing Freret street at the usual crossing place.

The judgment appealed from is affirmed at the cost of appellant.