73 So.2d 348 (1954)
HAWKINS
v.
TRAVELERS INDEMNITY CO. et al.
No. 8139.
Court of Appeal of Louisiana, Second Circuit.
June 3, 1954.
Rehearing Denied June 25, 1954.
G. F. Thomas, Jr., Natchitoches, for appellant.
W. Peyton Cunningham, Natchitoches, for appellees.
GLADNEY, Judge.
As a result of an automobile collision in Campti, Louisiana, two separate actions were brought and consolidated for trial. After trial the court a quo rejected all demands and the separate plaintiffs have appealed to this court. On May 26, 1954, we decided the appealed companion case captioned Pine v. Edmonds, La.App., 73 So. 2d 318.
In the instant case L. O. Hawkins, the appellant herein, alleging he was a guest in the Edmonds vehicle, sued Mrs. Pine and her liability carrier for damages including personal injuries. Our decree in Pine v. Edmonds disposes of the claims of Hawkins inasmuch as therein we absolved the driver of the Pine automobile of negligence.
Through answer to the appeal, Mrs. Lucille C. Pine presses her claim in reconvention against L. O. Hawkins for damages inflicted upon her automobile in the collision. The only substantial basis for such a claim is predicated on Hawkins being a participant in a joint venture with the town marshal in the pursuit of the vehicle the marshal hoped to overtake. Hawkins was present only to identify the pursued. The record fails to indicate Hawkins had any right to direct or control the movements of Edmonds.
There can be no joint venture or common enterprise of legal import unless there be a community of interest in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other in respect thereto. Each party must have some voice and right to be heard in its control or management. 42 C.J. 1179, par. 957, 65 C.J.S., Negligence, § 168; Wagner v. Kloster, 188 Iowa 174, 175 N.W. 840; Lawrason v. Richard, 1931, 172 La. 696, 135 So. 29; Lorance v. Smith, 1932, 173 La. 883, 138 So. 871; Kimbro v. Holladay, La.App.1934, 154 So. 369.
*349 The reconventional demand, therefore, cannot be sustained on actionable negligence attributive to Hawkins. Clearly the record shows he had no right to control or direct the movements of the driver and owner of the vehicle in which he was riding. The reconventional demand, therefore, must be denied.
The judgment from which appealed is affirmed at appellant's cost.