150 So.2d 646 (1963)
Jimmy O. SLOAN et ux., Plaintiffs-Appellants,
v.
Charles G. FLACK et al., Defendants-Appellees.
No. 788.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1963.
Pharis & Pharis, by F. Jean Pharis and James A. Pharis, Jr., Alexandria, for plaintiffs-appellants.
Stafford & Pitts, by Grove Stafford, Gold, Hall & Skye, by Leo Gold, Alexandria, for defendants-appellees.
Before TATE, FRUGE and HOOD, JJ.
TATE, Judge.
The plaintiffs and their minor son were injured in a collision between their automobile and one driven by Poteet. This is a suit to recover for the damages thereby sustained. Included among the defendants was Charles Flack, who was a passenger in the Poteet automobile.
The only issue before us on this appeal concerns the plaintiffs' claim against the passenger Flack, which was dismissed on an exception of no cause of action.
*647 Under the allegations of the petition, the passenger Flack was impleaded as solidarily liable with the negligent driver solely on the basis that Flack was intoxicated and was riding with the intoxicated driver, and that Flack failed in his duty to observe and to protest against the driver's negligent operation of the automobile. The plaintiffs do not seek to implead Flack upon the basis of any imputed negligence of the driver nor on the basis of any car ownership, parentage, employment, agency, joint control, or joint venture relationship between him and the negligent driver of the automobile in which he was riding as passenger. Essentially, the plaintiffs contend that they were injured not only because of the negligence of the driver of the car which collided with them (which is conceded for purposes of this exception of no cause of action), but also because of negligence on the part of the passenger therein in his failing to observe and warn the driver against the driver's excessive speed and the driver's encroachment upon the wrong side of the highway and in his failing to keep a lookout for oncoming traffic and to warn the driver of the danger of impending collision.
The plaintiffs thus contend that a person riding in an automobile driven by another is liable to third persons injured through its negligent operation, if the accident might have been avoided by cautionary words or adequate observation upon the passenger's part.
Counsel bases this contention upon a line of jurisprudence barring passengers from recovery against their driver or against third persons involved in an accident because of the "independent negligence" of the passenger in riding with an intoxicated driver or in failing to protest or warn against the continued erratic driving of their intoxicated driver. See, e. g.: Otis v. New Orleans Public Service, Inc., La.App. 4 Cir., 127 So.2d 197; McAllister v. Travelers Insurance Co., La.App. 1 Cir., 121 So.2d 283; Mercier v. Fidelity & Cas. Co., La. App.Orl., 10 So.2d 262.
These decisions, however, concern only contributory negligence barring recovery of passengers for their own injuries. In speaking of "independent" (contributory) negligence, the courts were differentiating this type of conduct barring recovery from "imputed" contributory negligence, whereby a passenger completely free from fault nevertheless cannot recover for injuries caused by the negligence of third persons because the concurring negligence of his own driver is imputed to him as a matter of law because of some special relationship between him and the driver, such as where the passenger owns the car and thus has the theoretical right of control over the driver, Rodriguez v. State Farm Mut. Ins. Co., La. App. 1 Cir., 88 So.2d 432. See 2 Harper & James, The Law of Torts (1956), Chapter 23 ("Imputed Contributory Negligence").
But although a person may be guilty of contributory negligence barring his own recovery for his own personal injuries, there is a distinction between contributory negligence barring recovery as contrasted with negligence per se by reason of which a party is liable to another.
"Negligence involves conduct which is fraught with unreasonable likelihood of harm to others. Contributory negligence involves such likelihood of harm to oneself or to one's own interests", 2 Harper & James, The Law of Torts (1956), Section 22.10 (p. 1227). "Negligence as it is commonly understood is conduct which creates an undue risk of harm to others. Contributory negligence is conduct which involves an undue risk of harm to the actor himself." Prosser on Torts (2nd Ed., 1955), Section 51, p. 285. (Italics supplied). "The distinction lies in that negligence involves any risk to another, whereas contributory negligence involves a risk of injury to the one injured", 65 C.J.S. Negligence § 116, pp. 707-708. (Italics supplied).
"Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes *648 on persons to protect themselves from injury", 65 C.J.S. Negligence § 116, p. 706. (Italics supplied.) "Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to his damage, which falls below the standard to which he is required to conform for his own protection. In general, it resembles negligence, except that the element of duty to another does not enter", Prosser, Section 51, p. 283. (Italics supplied).
Thus, the decisions holding that a passenger is guilty of independent negligence barring his own recovery, such as those relied upon by the plaintiffs where a passenger has voluntarily ridden with an intoxicated driver and has failed to warn the driver of his excessive speed or imprudent driving, simply illustrate that a passenger's recovery may be barred because he has failed to protect himself from injury. They are not authority that the passenger is himself liable to others injured in the accident because of this same conduct which has barred his own recovery.
The same conduct which may bar a person's recovery for his own injuries resulting from an accident does not necessarily make him liable to a fault-free third person injured in the same accident. The concept of actionable negligence includes the concept of the breach of a duty owed to the other who seeks recovery for his injuries, Prosser, Section 35, p. 165; 2 Harper & James 18.1, p. 1015; 65 C.J.S. Negligence §§ 1, 4, pp. 303, 332. "An essential element of tort liability is the existence of a duty imposed in favor of the person injured and on the person whose conduct produces the injury." 86 C.J.S. Torts § 6, p. 926.
Therefore, recovery for damages sustained is allowed "only where there was an antecedent duty to use care with respect to the interest invaded." 2 Harper & James 1015. "The plaintiff must be within the class of persons to whom the duty is owed, and no action may be founded upon a duty only to others." Prosser, p. 166.
The general principle concerning the duty to control the conduct of other persons is stated by Section 315 of the Restatement of Torts as follows: "There is no duty so to control the conduct of a third person as to prevent him from causing bodily harm to another unless, (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection."
The cause of action herein was specifically pleaded so as to allege liability only upon the naked passenger-driver relationship, without allegation of any special relationship of ownership, agency, parentage, or joint control, etc., between the driver and the passenger. The sole alleged basis of liability to the injured third person plaintiffs, is the passenger's failure to control or protest the driver's negligent operation of the vehicle.
However, there is no duty towards third persons imposed upon passengers by the mere circumstance of the latters' presence in a vehicle. Wilkinson v. Myatt-Dicks Motor Co., 136 La. 977, 68 So. 96, L.R.A.1915E, 439; Hawkins v. Travelers Indemnity Co., La.App. 2 Cir., 73 So.2d 348; James v. Rivet, 16 La.App. 345, Orl., 133 So. 448. A guest passenger riding in an automobile is under no duty to supervise the driving of the vehicle nor to maintain an independent lookout, although he may be required to take precautionary action for his own safety if he observes the driver is unfit to operate the vehicle or has not observed danger ahead. White v. State Farm Mut. Auto. Ins. Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338. See also Herget v. Saucier, 223 La. 938, 67 So.2d 543.
In the absence of a special relationship imposing a duty or causing the driver's negligence to be imputed, a passenger "riding in a third person's car * * * is not subject to liability to another run over by *649 the car even though he knows of the other's danger and knows that the driver is not aware of it and knows that by a mere word, recalling the driver's attention to the road, he would give the driver an opportunity of which the driver would in all probability avail himself, to stop the car before the other is run over," Comment (b), Section 315, Restatement of Torts (which further notes that the same conduct might nevertheless constitute contributory negligence barring the passenger's recovery for his own injuries). As the trial court succinctly noted: In the absence of a special relationship, "There is no duty upon a guest passenger to a person outside of the vehicle to exercise any control or give any warning to the driver of the vehicle."
For the foregoing reasons, we affirm the trial court judgment dismissing the plaintiffs' claim against the defendant passenger. The costs of this appeal are assessed against the plaintiffs-appellants.
Affirmed.