TATE, Judge.
A wife-passenger sues the liability insurer of her husband-driver. After trial by jury, the plaintiff wife was awarded $4,500 general damages for her personal injuries. The defendant insurer appeals.
The plaintiff, Mrs. Azeline Guillory, fell out of an automobile driven by her late husband. In the suit against her husband’s liability insurer, she alleges the cause of her injuries to be his alleged negligence in that he failed to close securely the car door on the plaintiff wife’s side. See 8 Am.Jur.2d “Automobiles and Highway Traffic”, Section 503. The defendant denies negligence of its driver and further contends that at any rate Mrs. Guillory’s own negligence contributed to or was the sole proximate cause of the accident. From its request for additional instructions, the trial jury most probably excused any misjudgment of Mrs. Guillory as not contributorily negligent because of a sudden emergency with which she was confronted.
Most favorably to the plaintiff wife, we will assume (but do not decide) that her husband’s failure to properly close the car door was negligent and a proximate cause of the accident, and that the sudden emergency doctrine could possibly excuse any misjudgment of Mrs. Guillory in her attempt to close the door in an emergency created by her husband’s initial negligence in failing to close it so that it latched properly. See Fontenot v. Fidelity General In *907 surance Co., La.App. 3 Cir., 1.85 So.2d 896 (decided this date). However, we have concluded that in the instant case, even so assuming, Mrs. Guillory’s actions were nevertheless contributorily negligent and bar her recovery, since her conduct fell below the standard of care required for her self-protection even under the circumstances of any negligently-created emergency.
Mrs. Guillory is the sole surviving witness of the accident, as her husband has since passed away. Her testimony appears frank and honest, and it is reasonably clear despite some difficulties in expression due to her lack of formal education in the English language.
According to Mrs. Guillory, the accident occurred as follows: Her husband had parked their family car on a parking lot in front of a country store. He went in and purchased groceries, leaving the plaintiff Mrs. Guillory seated in the center of the front seat. He returned with the groceries, opened the right front door and placed the groceries inside the car, then closed the door (insecurely, as it turned out). He went back to the driver’s seat on the left-hand side of the car.
The driver-husband started the car and commenced turning left on the parking lot to return home. According to Mrs. Guil-lory, "he was going pretty slow * * * because he had just started”, Tr. 134, but “when he started the door opened”, Tr. 117, “and when the door opened I just turned around and I looked and I grabbed the door — tried to grab the door, but the door swung so far I couldn’t grab it, so there I went out the car”, Tr. 117.
At the time she grabbed for the door, Mrs. Guillory was seated in the center of the front seat, slightly facing her husband to the left, with her left leg tucked under her. Her right hand was holding a cigarette, so with her left hand she grabbed for the opening right door by throwing her left hand across her body towards the door. She thus had to tilt her body to reach across the vacant right portion of the front seat.
With her body resting on her left leg tucked under her, apparently she was slightly off balance, which together with the centrifugal force of the left-turning automobile threw her out of the car as she grabbed for and misjudged the opening door. As she stated: “I could see the door and when it started opening that' is when I went out because I had my leg crossed under me”. Tr. 125. And also: “* * * when I reach for the door that swing me and I fell out of the car * * * when I reach for the door that caused me to swing out of the door * * * Tr. 168. See also Tr. 118-119.'
Mrs. Guillory admitted that she would not have fallen out had she not gone after the door, but she stated “Yes, when you see a door open like that, sir, I didn’t know what was going to happen, so I started for the door and I missed it and I went out”. Tr. 128. Also, “ * * * when I saw the door open I didn’t do nothing but try to grab it”. Tr. 129.
Under the above circumstances, viewing the evidence most favorably to the plaintiff’s contentions since the trial jury decided in her favor, we are unable to find that the plaintiff Mrs. Guillory acted with reasonable regard to her own safety, even in view of any emergency created by a sudden opening of the door due solely to her husband’s prior negligence. She was not in a position of physical danger while the automobile was left-turning at a relatively slow speed, yet nevertheless in an out-of-balance position she made the dangerous maneuver of throwing her body to grab with her left hand toward the opening right door. When she missed and fell out, her fall in our opinion resulted from an unreasonable exposure of herself to a danger of which the plaintiff knew or should have known.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which *908 is a legally contributing cause cooperating with the negligence of the defendant in bringing about the plaintiff’s harm. Restatement of Torts 2d, Section 463. The standard of conduct to which a person must conform for his own protection is that of a reasonable man under like circumstances. Id., Section 464(1). See Sloan v. Flack, La.App. 3 Cir., 150 So.2d 646.
 In determining whether a person’s conduct is contributory negligence, it is indeed proper to take into consideration the fact that he is confronted with a sudden emergency which requires rapid decision. Id., Section 470. Under the sudden emergency doctrine, an otherwise negligent act is held excusable on the ground that the actor was confronted by a sudden emei-gency created solely by the negligence of others, in which event any misjudgment may be excused if consistent with the ordi- ' nary prudence of a reasonable man suddenly confronted with like circumstances. Smith v. Marquette Cas. Co., 247 La. 1054, 176 So.2d 133; Jones v. Continental Cas. Co., 246 La. 921, 169 So.2d 50, 58; Fontana v. State Farm Mut. Auto. Ins. Co., La.App. 3 Cir., 173 So.2d 284.
Judged by this standard, therefore, we find that Mrs. Guillory was contributorily negligent and is barred from recovering for personal injuries sustained in the resulting accident. Under the present circumstances she. unreasonably, exposed herself to the foreseeahly great danger of- falling from the moving car by grabbing when in an unbalanced position for an opening door. The .situation suddenly presented to her did not entail sufficient danger to body or property ■ as to warrant her ultra-hazardous maneuver in response to it as an emergency-excused act of a reasonably prudent person tinder the circumstances.
For the foregoing reasons, we find the trial jury committed manifest error in not finding the plaintiff Mrs'. ’Azeline Guillory contributorily negligent and, consequently, ‘in not rejecting her claim. We therefore reverse the judgment in her favor. All costs of these proceedings are to be paid by the plaintiff-appellee.
Reversed and dismissed.
On Application for Rehearing.
En Banc. Rehearing denied.