710 So.2d 1171 (1998)
Angela Hammer Butz, wife of/and Russell BUTZ
v.
James P. LYNCH, the Estate of Patrick O. Lynch, State Farm Mutual Automobile Insurance Company, and State Farm Fire and Casualty Company.
No. 97 CA 2166.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*1172 Charles A. Verderame, New Orleans, and Paul L. Katz, Covington, for Plaintiffs Appellants.
Constance C. Hobson, Metairie, for Defendant Appellee Bacon/Liberty.
Kathleen F. Hobson, New Orleans, for Defendant RPM/Testor.
Before FOIL, WHIPPLE and KUHN, JJ.
FOIL, Judge.
This appeal challenges the action of the trial court in granting summary judgment in favor of defendants on the issue of a guest passenger's liability for an automobile collision. After a thorough review of the record, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff, Angela Butz, was injured in an automobile collision occurring on October 15, 1995 on U.S. Highway 190 in St. Tammany Parish. According to the allegations of plaintiff's petition, plaintiff was driving a Plymouth Voyager in a southerly direction on U.S. 190, when a BMW travelling north on U.S. 190 swerved off the road, entered the neutral ground between the south and north bound lanes of U.S. 190 and entered the path of plaintiff's vehicle. The BMW was driven by Patrick Lynch. He and his guest passenger, Michael Bacon, Jr., died at the accident site.
Angela Butz and her husband sued Mr. and Mrs. James Lynch, Patrick's parents, and the Lynch's liability insurers, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, alleging various acts of negligence on the part of James and Patrick Lynch. Specifically, plaintiffs charged that Patrick was under the influence of inhalants at the time of the collision. They averred that James Lynch was negligent for allowing Patrick to drive a vehicle when he knew or should have known that Patrick had a history of problems with inhalants.
Plaintiffs also sued Mr. and Mrs. Michael W. Bacon and their liability insurer, Liberty Mutual Fire Insurance Company. They alleged that the Bacon's minor son, Michael, and Patrick had been using inhalants immediately before the accident. Plaintiffs based their theory of liability on La. Civ.Code art. 2324, alleging that Michael knew that his use *1173 of the inhalant, along with Patrick's use of the inhalant, would seriously impair Patrick's ability to operate a motor vehicle safely.
Mr. and Mrs. Bacon, along with Liberty Mutual (hereinafter collectively referred to as defendants) filed motions for summary judgment. Defendants asserted that Michael did not commit an independent act of negligence that caused the accident. Further, they urged, there was no evidence showing that Michael had a legal relationship with Patrick that would support imputing Patrick's negligence to Michael.
The parties introduced depositions and other evidence in support of and in opposition to the motion for summary judgment. After considering the evidence, the trial judge granted the motion for summary judgment, finding that under the facts of the case, there was no legal basis upon which liability could be imposed on a guest passenger. This appeal, taken by plaintiffs, followed.

SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial, where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966.
Previously, our cases held that summary judgments were not favored, and were to be used cautiously and sparingly. Any doubt was to be resolved against granting the motion and in favor of a trial on the merits. However, in 1996, the legislature amended La.Code Civ. P. art 966 to overrule the presumption in favor of trial on the merits. Summary judgment is now favored, and the documents submitted by both parties are to be equally scrutinized. Berzas v. OXY USA, Inc., 29,835, pp. 4-5 (La.App. 2 Cir. 9/24/97); 699 So.2d 1149, 1152; Hayes v. Autin, 96-287, p. 6 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41.
In 1997, by Act No. 483, the legislature again amended La.Code Civ. P. art. 966 to incorporate the federal summary judgment analysis as the appropriate test to use in assessing motions for summary judgment. Under the amended version of La.Code Civ. P art. 966, the initial burden continues to remain with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. La.Code Civ. P. art. 966 C(2). If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. La.Code Civ. P. arts. 966 and 967; Berzas v. OXY USA, Inc., 29,835 at pp. 7-9; 699 So.2d at 1154.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 at p. 7; 696 So.2d at 1035.
In support of the motion for summary judgment, defendants introduced the deposition of Dr. T.R. Brustowicz, the coroner whose office performed autopsies on Patrick and Michael. Dr. Brustowicz, who also considered evidence gathered in the investigation of the collision, testified Patrick was driving the vehicle at the time of the fatal collision. He also attested that the chemical difluoroethane, which is found in Testor's Air Brush Propellant, can produce unconsciousness. The coroner testified that this chemical was present in Patrick's blood sample taken after the accident, and he opined that Patrick inhaled the propellant just before the collision, which caused him to lose consciousness, which in turn caused him to lose control of the vehicle and enter the path of the Butz vehicle.
In opposition to the motion for summary judgment, plaintiffs also relied on the coroner's testimony regarding the cause of the *1174 accident. They introduced evidence showing that a can of Testor's Air Brush Propellant was found in the front seat of the vehicle next to Patrick. Plaintiffs also introduced the testimony of Larry Broussard, who conducted tests on the blood samples provided by the coroner. His tests showed that Patrick had 78 milligrams per liter of difluoroethane in his blood, while Michael had 35 milligrams per liter of difluoroethane in his blood.
Additionally, plaintiffs introduced the deposition testimony of Jillian Wilkerson, who was a passenger in the Lynch vehicle prior to the accident. Ms. Wilkerson attested that she observed Patrick and Michael go into a K-mart store. Upon their return, she observed that Patrick had a can of air brush propellant under his shirt, giving her the impression that Patrick had stolen the can. She heard Patrick spray the can, but did not know whether he inhaled it. She became concerned that Patrick would inhale the spray while driving, and insisted that he take her home, which he did, shortly before the fatal accident.
Plaintiffs urge that this evidence establishes that Patrick and Michael were inhaling the propellant immediately prior to the accident, and that Patrick's use of the propellant caused him to lose consciousness and caused the collision. They submit that the evidence establishes that Patrick shoplifted the propellant, and from this evidence, the judge should have inferred that Michael knew or should have known that Patrick was going to steal the can of propellant, or at least was aware that it had been stolen. This creates the inference, they contend, that there was "conspiracy or an agreement between Lynch and Bacon, which led up to the collision with the Butz vehicle." According to plaintiffs, "[t]his conspiracy started with the overt act of shoplifting by Patrick Lynch which Michael Bacon at the very least approved of after the fact when he participated in its fruits of theft by using the inhalant, thus putting himself in possession of stolen property."
Plaintiffs premise liability on La. Civ.Code art. 2324A, which states that "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." It has been stated that if a conspiracy is conceived and executed and an injury results, the injured person has a cause of action against all of the conspirators, who may be held civilly liable for damage to a third party resulting therefrom. Economy Carpets Mfrs. & Distributors, Inc., v. Better Business Bureau of Baton Rouge, 333 So.2d 765, 768 (La.App. 1st Cir.), writ denied, 334 So.2d 428 (La.1976).
Civil Code article 2324 does not by itself impose liability for a civil conspiracy. The actionable element in a claim under this article is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part. In order to recover under this theory of liability, a plaintiff must prove that an agreement existed to commit an illegal or tortious act which resulted in the plaintiff's injury. Silver v. Nelson, 610 F.Supp. 505, 516-517 (E.D.La.1985). The plaintiff must establish that there was an agreement as to the intended outcome or result. Walker v. American Honda Motor Co., Inc., 93-1659, p. 6 (La.App. 3 Cir. 6/1/94); 640 So.2d 794, 797, writ denied, 94-1741 (La.10/7/94); 644 So.2d 644.
Plaintiffs focus the bulk of their argument on their "conspiracy theory." Plaintiffs posit that Patrick and Michael entered into a conspiracy which began with the theft of the propellant and culminated in the fatal accident. They argue that Michael should be held liable for the injuries sustained by plaintiff because he knew of the theft and participated in the fruits of the theft prior to the automobile collision.
We conclude, however, that plaintiffs failed to submit evidence to create a basis for the imposition of liability on Michael as a conspirator under La. Civ.Code art. 2324A. Even if plaintiffs were able to establish that Patrick stole the can of air brush propellant, and that Michael was aware of the theft, the act of stealing the propellant did not cause the accident in question Therefore, plaintiffs cannot establish liability under the conspiracy theory.
Plaintiffs also contend that liability should be extended to the guest passenger on a negligence theory. They claim they can *1175 establish that Patrick and Michael both inhaled the propellant before the accident, and from this evidence, it should be inferred that the boys were passing the inhalant back and forth to each other in the car, despite a warning on the can regarding the danger of inhaling the contents. Plaintiffs theorize that the guest passenger's unreasonable conduct in participating in the inhalation of a dangerous propellant on the highway should render the passenger liable for the injuries resulting from the automobile collision.
To prevail on a negligence theory, a plaintiff must establish that the defendant owes a legal duty to the plaintiff which extends to the particular risk encountered by the plaintiff. Allemand v. Zip's Trucking Co., Inc., 552 So.2d 1023, 1030 (La.App. 1 Cir.1989), writ denied, 558 So.2d 569 (La. 1990). For the purpose of assessing the motion for summary judgment, we shall accept plaintiffs' claim that it could be proven in a trial on the merits that both boys inhaled the propellant, and that Patrick's inhalation of the propellant caused him to lose consciousness and caused him to lose control of the vehicle.
In order to establish liability, plaintiffs must prove that a guest passenger owed a duty to protect a third person outside of the vehicle against the risk of a vehicular collision. Previous cases have dealt with the scope of a guest passenger's responsibility to vehicular accident victims. In Sloan v. Flack, 150 So.2d 646 (La.App. 3 Cir.1963), an accident victim sued the driver of the other vehicle and his guest passenger. She alleged that both the driver and guest passenger were intoxicated, and that the guest passenger should be held liable for failing to warn the driver of his excessive speed and improper driving. The court held that in the absence of some special relationship imposing a duty or causing the negligence of the driver to be imputed to the passenger, there is no duty upon a guest passenger to a person outside of the vehicle to exercise any control or give any warning to the driver of the vehicle. Sloan v. Flack, 150 So.2d at 648-649.
The Sloan case was relied on by this court in Danos v. St. Pierre, 383 So.2d 1019, 1022 (La.App. 1st Cir.1980), aff'd on other grounds, 402 So.2d 633 (La.1981). In Danos, this court acknowledged that there must be some special relationship between the driver and the guest passenger in order to impose a duty upon the guest passenger to persons outside the vehicle. This court held that the mere knowledge or awareness of the intoxicated condition of the driver does not create a relationship imposing a duty on the guest passenger to protect against the risk that the intoxicated driver would injure another person in a vehicular accident. Rather, this court declared, in order for a plaintiff to recover from a passenger in the defendant's vehicle, he must show a joint interest of the driver and the passenger or an equal right in the passenger to control the driver's operation of the vehicle. Danos v. St. Pierre, 383 So.2d at 1022. In Thomas v. Champagne, 93-1694, p. 4 (La.App. 1 Cir. 6/24/94); 638 So.2d 1151, 1153, this court stated that in order to constitute a joint venture in the operation of a vehicle, there must be a joint interest in the object and purpose of the mission and an equal right, expressed or implied, on the part of each of the parties to direct or control the conduct of the other in the operation of the vehicle.
Plaintiffs failed to produce any evidence suggesting that a special relationship existed between Patrick and Michael to justify imposing liability on Michael for the driver's alleged inhalation of a dangerous chemical. There are no facts to suggest that there was a joint interest of the driver and passenger or an equal right in the passenger to control the driver's operation of the vehicle. In the absence of such evidence, we conclude that plaintiffs failed to offer factual support sufficient to satisfy their evidentiary burden at trial. Accordingly, there is no genuine issue of material fact and defendants are entitled to summary judgment.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this proceeding are assessed to appellants.
AFFIRMED.