# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-331 c/w 11-332

**ARC INDUSTRIES, L.L.C.**

**VERSUS**

**WILLIAM H. NUNGESSER**

**Consolidated with**

**WILLIAM NUNGESSER**

**VERSUS**

**MICHAEL B. MORENO, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2006-3028 C/W C-2008-3100
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**AFFIRMED.**

George Pivach  II
Pivach, Pivach, Hufft, Thriffiley & Nolan, L.L.C.
P. O. Box 7125
Belle Chasse, LA 70037
(504) 394-1870
Counsel for Defendant/Appellant:
    William H. Nungesser

Gary Jude Russo
Cade Aaron Evans
Rachel Chance
Jones, Walker, Waechter, Poitevent, Carrère, and Denègre, LLP
P. O. Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000
Counsel for Defendants/Appellees:
 Dynamic Industries, Inc.
 Emile Dumesnil
 ARC Industries, L.L.C.
 Michael B. Moreno

Timothy Thriffiley
Pivach, Pivach, Hufft, Thriffiley & Nolan, L.L.C.
P. O. Box 7125
Belle Chasse, LA 70037
(504) 394-1870
Counsel for Defendant/Appellant:
 William H. Nungesser

**DECUIR, Judge.**

In these consolidated cases, William H. Nungesser (Nungesser), appeals a judgment of the trial court granting the peremptory exception of no cause of action filed by defendant, Emile Dumesnil (Dumesnil).

## FACTS

This matter arises out of a disputed consulting agreement between Nungesser and a new company, later designated as Arc Industries, LLC (Arc), whereby Nungesser was to provide consulting services to assist with Arc's fledgling offshore living quarters business. Nungesser alleges that the contract was negotiated by Dumesnil. However, the letter of intent is signed by Mike Moreno (Moreno) as representative of the new company. Though an actual draft consulting agreement exists, it is not signed by the parties.

On November 11, 2005, in response to a request for payment from Nungesser, a bookkeeping employee of Arc mistakenly issued a payment to Nungesser. Nungesser was notified and refused to return the payment insisting that he was owed additional compensation under the consulting agreement. Consequently, on June 16, 2006, Arc filed suit in the Fifteenth Judicial District Court seeking declaratory judgment stating that no contract existed between the parties and demanding a return of the payment. Nungesser answered and filed a reconventional demand against Arc.

On December 18, 2006, Nungesser filed suit in the Twenty-Fifth Judicial District Court, naming Moreno, Dynamic Industries, Inc. (Dynamic), and Dumesnil as defendants. Moreno, Dynamic, and Dumesnil intervened. Nungesser's suit was ultimately transferred to the Fifteenth Judicial District Court and consolidated with Arc's suit. During the process, Nungesser filed supplemental reconventional demands against the defendants, including Dumesnil.

On December 22, 2009, Arc filed a motion for summary judgment on the claims asserted by Nungesser. The trial court denied the motion.

On October 25, 2010, Dumesnil filed a peremptory exception of no cause of action with respect to the consolidated suits. The trial court granted Dumesnil's exception dismissing Nungesser's claims against Dumesnil with prejudice. Nungesser lodged this appeal alleging the trial court erred in granting the exception and in refusing to allow Nungesser to amend his pleadings to state a cause of action.

## DISCUSSION

The issue on appeal is whether Nungesser's petition and reconventional demands state a cause of action against Dumesnil, in his individual capacity.

In *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19, the court discussed the peremptory exception of no cause of action:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id*. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
>
> Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); *Montalvo* at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo* at p. 6, 637 So.2d at 131.
>
> The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's

2

decision is based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; *City of New Orleans* at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans* at p. 29, 640 So.2d at 253.

We have reviewed Nungesser's pleadings, and, accepting all of the allegations as true, we find that Nungesser has failed to allege facts sufficient to state a cause of action against Dumesnil in his individual capacity.

Nungesser argues that his petition states a cause of action for conspiracy based on his allegations that Moreno, Dumesnil, and Dynamic conspired to divert business away from Arc and to Dynamic to avoid paying Nungesser's commission.

Our colleagues in the fourth circuit recently discussed the cause of action for conspiracy in *Crutcher-Tufts Resources, Inc. v. Tufts*, 2009-1572, p. 7 (La.App. 4 Cir. 4/28/10), 38 So.3d 987, 991:

> Conspiracy by itself is not an actionable claim under Louisiana law. *Ross v. Conoco, Inc.*, 2002-0299 (La.10/15/02), 828 So.2d 546. Instead, it is the "tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part" that constitutes the actionable elements of a claim. *Ross*, 02-2009 at pp. 7-8, 828 So.2d at 552.

> La. C.C. art. 2324 provides: "He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." In order to recover under a conspiracy theory of liability, a plaintiff must prove that an agreement existed to commit an illegal or tortious act; the act was actually committed and resulted in plaintiff's injury; and there was an agreement as to the intended outcome or result. *Butz v. Lynch*, 97-2166 (La.App. 1 Cir. 4/8/98), 710 So.2d 1171. Similarly, *Thomas v. North 40 Land Development, Inc.*, 04-0610 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160, held: "To establish a conspiracy, a plaintiff is required to provide evidence of the requisite agreement between the parties . . . stated otherwise, the plaintiff is required to establish a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing."

Nungesser's pleadings do not contain even the threshold allegation that Dumesnil entered into any agreement to commit an intentional tort. There were no allegations that an illegal or tortious act was committed that then resulted in the plaintiffs' alleged injury, or that there was any agreement as to the intended outcome

3

or result. As such, we find that Nungesser failed to state a cause of action for conspiracy and we hold that the trial court did not err in granting the exception of no cause of action.

Nungesser also argues that his pleadings state a cause of action for breach of contract against Dumesnil. We disagree. Other than the allegation that Dumesnil negotiated the alleged consulting agreement on behalf of Arc, there is no allegation that Dumesnil was involved with the contract at all. We find no allegations that would support a cause of action for breach of contract against Dumesnil in his individual capacity.

Nungesser next asserts that his pleadings state a cause of action against Dumesnil for unjust enrichment. Nungesser's pleadings merely allege in a conclusory fashion that the defendants collectively were unjustly enriched. This is insufficient to support a cause of action against Dumesnil in his individual capacity.

Finally, Nungesser argues the trial court erred in refusing to allow him to amend his pleadings to state a cause of action. Absent a showing that the trial court committed manifest error or abused its discretion, in refusing to allow an amendment, its decision will not be disturbed on appeal. *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 09-0298 (La.App. 4 Cir. 2/10/10), 47 So.3d 428, *writs granted*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289 (La. 2/4/11), 56 So.3d 979, 981, 982. We find no such error in this case.

## DECREE

For the foregoing reasons, the judgment of the trial court in these consolidated cases is affirmed. All costs of these proceedings are taxed to appellant, William H. Nungesser.

**AFFIRMED.**

4