BLEICH, J., Ad Hoc.
11 Plaintiff Connie E. Thames appeals the granting of partial final summary judgment in favor of defendant Capital One, N.A., and dismissing her action for declaratory judgment against Capital One with prejudice. We affirm.
FACTS
This litigation arises out of the Thames-es’ 2004 divorce action in which Kiley Thames was granted sole possession of the community property without bond. A petition to partition the community was filed in 2007 and Connie Thames alleged that Kiley had been using community funds to capitalize his “separate” business ventures. Following a financial investigation by a court-appointed forensic fraud expert, Connie filed the instant petition for declaratory judgment seeking a decree that Ki-ley and others, including Kiley’s sister and four other banks, were liable in solido for damages due to intentional tort, civil fraud, breach of fiduciary duty and racketeering. After various exceptions were filed, the matter was severed creating this action, Connie’s claims against Kiley and Capital One, under a different docket number. Capital One filed a motion for partial final summary judgment, which the trial judge granted, finding that “there is no proof setting forth specific facts by Connie Thames to prove conspiracy between Capital One and Kiley Thames.” The trial court also sustained Capital One’s exception of prescription.
The facts giving rise to Connie’s action were revealed in the investigation by the court-appointed forensic fraud expert, Carlton Clark. Mr. Clark’s report indicates that Kiley engaged in financial restructuring 12and criminal money laundering. The allegations are as follows. Kiley deposited community funds into the “Thames Estate” account, which was an account belonging to Kiley’s deceased parents that was never closed after their death. The Thames Estate account was a Capital One account. Kiley then transferred funds from the Thames Estate account to his personal Capital One account. Mr. Clark’s findings enumerate specific transactions that led him to conclude that *655 Kiley: (1) deposited corporate receipts (community funds) into personal accounts, (2) converted community corporate ■ customer checks into cashier’s checks and deposited them into separate accounts as “loans,” and (3) structured cash transactions to avoid cash transaction requirements by various financial institutions, Connie set forth a myriad of specific transactions noted by Mr. Clark that led him to the above conclusions. Because the accounts at issue were maintained and serviced by Capital One, Connie alleged that the bank aided and abetted Kiley in this illegal and fraudulent activity.
Prior to the severance of the claims as noted above, the multiple defendant banks filed numerous exceptions, including exceptions of prescription.- The trial court denied the' exception of prescription as to Capital One, specifically stating that, although the petition was prescribed on its face, there may be solidary liability-which would create an interruption of prescription. Capital One did not appeal this ruling. In his ruling granting the instant exception of prescription, the trial judge noted his previous denial based on potential solidary liability and stated that, in | slight of his ruling on summary judgment that there is no solidary liability, the claim is prescribed. .Connie now appeals.
DISCUSSION
The summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. La. C.C.P. art. 966 B; Samaha v. Rau, supra; Roberts v. Marx, 47,658 (La.App.2d Cir.1/16/13), 109 So.3d 462, writ denied, 2013-0649 (La.4/26/13), 112 So.3d 847. Since the 1996 and 1997. amendments, the procedure has been favored and construed to secure the just, speedy and inexpensive determination of every action. La. C.C.P. art. 966 A(2). The party seeking summary judgment meets his initial burden by submitting affidavits or pointing out the lack of factual support for an essential element in the opponent’s case. La. C.C.P. art. 966 C(2). At that point, the opponent (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) to demonstrate he will be able to meet his burden at-trial. The failure of the opponent to produce evidence of a genuine factual dispute mandates the granting of the motion. Samaha v. Rau, supra; Wright v. Louisiana Power & Light, 2006-1181 (La.3/9/07), 951 So.2d 1058.
Appellate courts review summary judgment de novo under the same criteria that govern the district court’s consideration of whether the summary judgment is proper. Samaha v. Rau, supra; Roberts v. Marx, supra.
In her petition, Connie sought a declaration that Kiley and Capital One conspired to harm her in violation of the Louisiana Racketeering Act, La. R.S. 15:1351, et seq., La. C.C. arts. 2315 and 1953, and, thus, are liable in solido under La. C.C. art. 2324(A). Specifically, Connie alleged that Capital One conspired with Kiley to divert community funds from the community property of the Thameses, causing her damage.
 The Louisiana Civil Code specifically addresses á conspiracy among tortfeasors, making them answerable, in solido, for the damage caused by their offense. La. C.C. art. 2324(A). Louisiana Civil Code Article 2324 does not by itself impose liability for a civil conspiracy. Haygood v. Dies, 49,972 (La.App.2d Cir.8/12/15), 174 So.3d 1211, citing Butz v. Lynch, 97-2166 (La.App. 1st Cir.4/8/98), 710 So.2d 1171. The actionable element in a claim under this article is not the conspiracy itself, but rather the tort which the conspirators agreed to perpetrate and which they actu *656 ally commit in whole or in part. Id.; ARC Industries, L.L.C. v. Nungesser, 11-331, 11-332 (La.App. 3d Cir.10/5/11), 74 So.3d 864, quoting Ross v. Conoco, Inc., 02-0299 (La.10/15/02), 828 So.2d 546. However, to recover under a theory of civil conspiracy, a plaintiff must show that an agreement existed among the defendants tq commit the tortious act which caused the plaintiffs injury. Haygood, supra; Butz, supra. The plaintiff must establish that there was an agreement as to the intended outcome or result. Butz, supra.
In its motion for partial final summary judgment, Capital One asserted that Connie has not met, nor can she meet, her burden of proof that Capital One agreed to commit an illegal or tortious act, that such act was committed and that Capital One intended the outcome or result. Further, Capital One argued that, since there is no solidary liability, Connie’s claims |sagainst it had prescribed. In support of its motion, Capital One attached seven exhibits, including certain answers to interrogatories of Connie’s and excerpts from her deposition, which clearly show that Connie has no knowledge of any facts that suggest an agreement on the part of Capital One to assist Kiley in any way with the alleged illegal activity.
In opposition to the motion, Connie produced the deposition of Capital One employee/teller Doug McIntosh and Mr. Clark’s report of Kiley’s alleged illegal activity. Mr. McIntosh was the teller serving Kiley when he requested to “structure” a $40,000 cashier’s check into four $10,000 eashier’s checks. Connie urge? that this activity is against bank policy and that the bank then allowed the structured funds to be deposited into accounts at Capital One, either the Thames Estate account or Ki-ley’s personal account. Connie argues that Capital One facilitated this money laundering, breached its own policy and failed to report the structuring it had facilitated. Connie asserts that Capital One’s participation in such transactions shows a conspiracy to allow Kiley to engage the wrongful acts.
Our de novo review of the motion for partial final' summary judgment and, specifically, the voluminous documentary evidence in opposition reveals no evidence of an agreement or conspiracy on the part of Capital One to assist Kiley in his allegedly illegal' and fraudulent transactions. By her own admission, Connie only has knowledge of the information contained in Mr. Clark’s report. That report contains overwhelming details regarding activity of Ki-ley, but is devoid of any indicia of intent on the part of Capital One to assist in illegal transactions for the intended purpose of Ifidefrauding Connie. Likewise, there is nothing in Mi. McIntosh’s deposition to support such a conclusion. Accordingly, we conclude that Connie failed to show that she can meet her burden of proving conspiracy at trial and, thus, her claim cannot survive Capital One’s well-pled motion for summary judgment.
In light of our above conclusion, we need not address the ruling on the exception of prescription. We note, however, that, without proof of solidary liability, clearly prescription has tolled.
CONCLUSION
For the foregoing reasons, the judgment granting' Capital One, N.A.’s, motion for partial final summary judgment and dismissing plaintiff’s claims against it with prejudice is affirmed at plaintiffs cost.
AFFIRMED.