890 So.2d 579 (2004)
John JOHNSON, individually and as a representative of the class of those similarly situated
v.
ORLEANS PARISH SCHOOL BOARD, XYZ Insurance Company, City of New Orleans, and ABC Insurance Company,
John Johnson, et al.
v.
Orleans Parish School Board, et al.
Nos. 2003-CA-0828, 2003-CA-1573.
Court of Appeal of Louisiana, Fourth Circuit.
November 3, 2004.
*580 Nannette V. Jolivette, Melissa C. Ledet, Hoffman, Siegel, Seydel, Bienvenu & Centola, New Orleans, LA, for Orleans Parish School Board.
Gregory C. Weiss, Terese M. Bennett, Gary W. Loftis, Weiss & Eason, L.L.P., New Orleans, LA, for City of New Orleans.
Roy J. Rodney, Jr., John K. Etter, Rodney Law Firm, LLC, and Henry P. Julien, Jr., The Kullman Firm, New Orleans, LA, for The Housing Authority of New Orleans.
Thomas M. Nosewicz, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, LA, for Third Party Defendant/Appellee, BFI Waste Systems of North America, Inc.
Michael A. Chernekoff, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, LA, for Third Party Defendant/Appellee, Public Belt Railroad Commission of the City of New Orleans.
Charles S. McCowan, Jr., Glenn M. Farnet, Victor Gregoire, Jr., Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P., Baton Rouge, LA, and Sheila L. Birmbaum, Don J. Frost, Jr., Vijay V. Bondada, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for Third Party Defendants, CFI Industries, Inc. and IPC, Inc.
Jeffery M. Lynch, New Orleans, LA, for Board of Commissioners of the Port of New Orleans.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS JR.).
MICHAEL E. KIRBY, Judge.
In this consolidated case, defendants/third party plaintiffs, Orleans Parish School Board ("School Board"), City of New Orleans ("City") and Housing Authority of New Orleans ("HANO"), appeal the trial court judgment granting the exceptions of no cause of action and no right of action filed by third party defendants, BFI Waste Systems of North America, Inc., the New Orleans Public Belt Railroad Commission, CFI Industries, Inc., IPC, Inc. and the Port of New Orleans.
The factual background of this case is fully detailed in this Court's earlier opinion regarding class certification in Johnson v. Orleans Parish School Board, XXXX-XXXX (La.App. 4 Cir. 6/27/01), 790 So.2d 734. The original plaintiffs in this case are current and former residents of three housing developments in New Orleans. These plaintiffs filed suit against the City, HANO and the School Board alleging damages resulting from the construction of a community on top of a former municipal landfill site known as the Agriculture Street Landfill. According to the suit, in the 1960's and 1970's, these defendants developed residential and commercial properties and an elementary school on this site without first removing hazardous substances from the site and warning plaintiffs of the existence of these substances.
The defendants in this suit subsequently filed third party demands for direct damages, indemnity and contribution against the appellees herein, BFI Waste Systems of North America, Inc., the New Orleans Public Belt Railroad Commission, CFI Industries, Inc., IPC, Inc. and the Port of New Orleans. The third party demands *581 allege that the third party defendants are the corporate successors to companies that improperly hauled and disposed of hazardous materials at the landfill site prior to 1958 when the landfill was closed.
The third party defendants filed exceptions of no cause of action and no right of action in response to the third party demands. The third party defendants also filed other exceptions, which were dismissed as moot, and are not the subject of the instant appeal. The trial court granted all of the third party defendants' exceptions of no cause of action and no right of action, dismissing the third party demands. In reasons for judgment, the trial court, citing Louisiana Code of Civil Procedure article 1111, found that the third party demands do not state a cause of action against the third party defendants because the allegations made in the third party demands are not derivative of, or closely related to, the claims alleged by plaintiffs in the principal demand. The trial court also found that the third party plaintiffs have no claim for indemnification or contribution against the third party defendants because they did not owe a duty to the plaintiffs to protect them from the dangers complained of in the principal demand. The court noted that the focus of plaintiffs' lawsuit is the conduct of the defendants/third party plaintiffs during the 1970's and 1980's, and that the third party defendants could not have reasonably anticipated or foreseen that they would be subject to any liability for waste delivered to the Agriculture Street Landfill, or that the landfill would decades later be converted to a residential neighborhood and school.
The trial court further found that third party plaintiffs have no right of action against the third party defendants for direct damages because the third party plaintiffs failed to establish that the third party defendants owed a duty to them that could give rise to an action for damages. The court stated that the fact that HANO and the School Board elected to develop a residential neighborhood and school on the site of a former City landfill does not give rise to a cause of action or right of action against the third party defendants. The court concluded that it was dismissing the third party plaintiffs' claims because they have alleged no basis in law or fact under which the third party defendants owed them a duty, and have failed to state a cause of action or claim for direct damages. The defendants/third party plaintiffs now appeal.
On appeal, the third party plaintiffs argue that the trial court erred in granting the third party defendants' exceptions of no cause of action and no right of action. Before we address the third party plaintiffs' assignments of error, we note that reasons for judgment are not controlling, and form no part of trial court judgments from which appeals are taken. Homes v. Long, XXXX-XXXX, p. 3 (La.App. 4 Cir. 12/18/02), 835 So.2d 877, 878-879.
Louisiana Code of Civil Procedure article 1111 states, in pertinent part, as follows:
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand.
Our Supreme Court summarized the law regarding the peremptory exception of no cause of action in the recent case of Ramey v. DeCaire, XXXX-XXXX, pp. 7-8 (La.3/19/04), 869 So.2d 114, 118-119, as follows:
A cause of action, when used in the context of the peremptory exception, is *582 defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. Id. at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; Everything on Wheels Subaru, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); Montalvo at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. Kizer v. Lilly, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. Montalvo at p. 6, 637 So.2d at 131.
The burden of demonstrating that the petition states no cause of action is upon the mover. City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; City of New Orleans at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. City of New Orleans at p. 29, 640 So.2d at 253.
In Smith v. State Farm Insurance Companies, XXXX-XXXX (La.App. 4 Cir. 3/3/04), 869 So.2d 909, this Court affirmed a trial court judgment granting the defendant's exception of no cause of action because the petition in that case failed to identify a legal duty owed by the defendant to the plaintiffs.
After reviewing the third party demands in this case, we conclude that the trial court did not err in granting the exceptions of no cause of action because the third party demands do not allege facts sufficient to identify a legal duty owed by the third party defendants to the plaintiffs or the third party plaintiffs. According to the facts alleged in the third party demands, the waste disposal or salvaging companies later acquired by third party defendants either caused or contributed to the contamination of the Agriculture Street Landfill with hazardous substances. There are no allegations that the third party defendants knew or should have known that an area designated as a landfill and used by them as such would years later become the site of a residential neighborhood and school. Accepting the allegations of fact in the third party demands as true, the third party plaintiffs have not shown that the third party defendants owed a duty to plaintiffs, and therefore, third party plaintiffs have no claim for contribution or indemnity against the third party defendants. The trial court did not err in granting the third party defendants' exceptions of no cause of action.
*583 The third party plaintiffs' argument that the third party defendants are liable under Louisiana Civil Code article 667 is also without merit. Article 667 states, "[a]lthough a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him." We need not even reach the issue of whether or not the third party defendants fall within the definition of "proprietor" for purposes of article 667 because there is no allegation that any of the plaintiffs lived in the vicinity of the landfill during its operation. The alleged damage to the plaintiffs occurred when the landfill site was later converted to a residential community and school. Therefore, article 667 does not apply to the factual situation alleged in the pleadings of this case.
Having found that the trial court did not err in granting the third party defendants' exceptions of no cause of action, we now consider whether the third party plaintiffs should be given the opportunity to amend their third party demands. Louisiana Code of Civil Procedure article 934 provides that:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
The right to amend is not absolute, and amendment is not permitted when it would constitute a vain and useless act. Smith v. State Farm Insurance Companies, supra at p. 6, 869 So.2d at 913. While some of the third party defendants in this case argue persuasively that the objections to the third party demands cannot be cured by amendment, out of an abundance of caution, we will allow the third party plaintiffs the opportunity to amend their third party demands. We do so with the admonition that speculating on unwarranted facts will not defeat an exception of no cause of action. See, Verdin v. Rogers, XXXX-XXXX (La.App. 5 Cir. 4/27/04), 873 So.2d 804.
For the reasons stated above, the trial court judgment granting the third party defendants' exceptions of no cause of action is affirmed. This case is remanded to the trial court with instructions to permit amendments of the third party demands within thirty days of this judgment. If third party plaintiffs fail to amend the third party demands within the prescribed time, the trial court shall dismiss the third party demands. Because third party plaintiffs have failed to state a cause of action, the issue of no right of action is pretermitted.
AFFIRMED AND REMANDED.