929 So.2d 761 (2006)
John JOHNSON, Individually and as a Representative of the Class of Those Similarly Situated
v.
ORLEANS PARISH SCHOOL BOARD, XYZ Insurance Company, City of New Orleans, and ABC Insurance Company.
No. 2005-CA-0796.
Court of Appeal of Louisiana, Fourth Circuit.
March 22, 2006.
*762 Sheila L. Birnbaum, Don J. Frost, Jr., Skadden Arps Slate Meagher & Flom LLP, New York, Charles S. McCowan, Jr., Glenn M. Farnet, Kean Miller Hawthorne D'Armond McCowan & Jarman, L.L.P., Baton Rouge, Counsel for Third-Party Defendants, CFI Industries, Inc and IPC, Inc.
Nannette V. Jolivette, Douglas L. Grundmeyer, Jonathan C. McCall, Katherine L. Young, Chaffe McCall, L.L.P., New Orleans, Counsel for Defendant/Appellant, Orleans Parish School Board.
(Court Composed of Judge JAMES F. McKAY, III, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, Jr.)
LEON A. CANNIZZARO, JR., Judge.
The Orleans Parish School Board filed a third party demand against CFI Industries, Inc. and IPC, Inc. CFI and IPC filed exceptions of no cause of action and no right of action. The trial court granted the exceptions. The School Board is appealing the trial court's decision.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
The plaintiffs are current or former residents of three residential developments in New Orleans. The plaintiffs originally filed suit against the City of New Orleans, the Housing Authority of New Orleans, and the School Board. The plaintiffs alleged that they had suffered damages as a result of the construction of their residential community on a former municipal landfill site known as the Agriculture Street Landfill. According to the plaintiffs' allegations, the defendants developed residential and commercial property and an elementary school on the site of the landfill without first removing hazardous substances from the site and without warning the plaintiffs of the existence of the substances. The development occurred during the 1960's and the 1970's.
The defendants in the suit filed third party demands for direct damages, indemnification, and contribution against the corporate successors to companies that allegedly improperly disposed of hazardous materials at the landfill site prior to 1958, when the landfill was closed. The third party defendants involved in the instant appeal are CFI and IPC, the successors to Letellier Phillips Paper Company. The third party plaintiff involved in this appeal is the School Board.
CFI and IPC filed exceptions of no cause of action and no right of action in response to the third party demands against them. The trial court granted the exceptions. The School Board appealed that decision. In Johnson v. Orleans Parish School Board, 03-0828, 03-1573 (La. App. 4 Cir. 11/3/04), 890 So.2d 579, this Court affirmed the trial court decision granting the exception of no cause of action and remanded the case to the trial court with instructions to permit the *763 amendment of the third party demand to state a cause of action.
After the case was remanded, the School Board amended the third party demand against CFI and IPC. CFI and IPC filed exceptions of no cause of action and no right of action to the amended third party demand. The exceptions were again granted by the trial court, and the School Board is appealing that decision.

DISCUSSION

The Third Party Claims Against CFI and IPC
In the original third party demand against CFI and IPC, the School Board made the following allegations:
30.
Letellier-Phillips Paper Company salvaged bottles, cans, rags, paper, glass, scrap metal and other materials from the Agriculture Street Dump, beginning in or about 1948.
31.
Letellier-Phillips handled and knew or should have known of the type, quantity and nature of wastes disposed of at the Agriculture Street Dump.
32.
Letellier-Phillip's actions, omissions and/or negligence caused or contributed to some or all of the alleged contamination of the Agriculture Street Dump site with allegedly hazardous chemicals.
33.
Letellier-Phillip's successor corporations, CFI Industries and IPC, Inc. are liable for any acts, omissions or negligence of Letellier-Phillips.
An amended third party demand was filed after this Court had determined that the original third party demand failed to state a cause of action against CFI and IPC. In the amended demand, the School Board attempted to remedy the problems this Court had with the original third party demand. Rather than specifically naming CFI and IPC in their allegations in the amended demand, the School Board refers to all of the third party defendants collectively.
The amended demand alleges:
1. that the third party defendants illegally generated or transported wastes to the former Agriculture Street Landfill;
2. that an Environmental Protection Agency inspection of samples that were taken from the area of the former landfill detected in most of the samples polyaromatic hydrocarbons, lead, and arsenic in concentrations above the federal guidelines;
3. that the third party defendants improperly or illegally disposed of materials with elevated levels of toxicity at the site and should have known that such activity would cause harm to others or to the environment;
4. that the third party defendants were unjustly enriched, because they improperly disposed of toxic waste and thereby avoided the higher cost of the proper disposal of such waste;
5. that the third party defendants had a duty to use the landfill properly; and
6. that the third party defendants had a duty to disclose information regarding the materials that were deposited at the landfill.
The amended demand also incorporates by reference all prior pleadings that had been filed in the case, including the third party demands filed by the City of New Orleans and HANO as well as the original third party demand filed by the School Board.

*764 Stating a Cause of Action

As explained in Johnson, cited above, the Louisiana Supreme Court, in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993), defined a cause of action in the context of a peremptory exception of no cause of action[1] as "the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant." 03-0828, 03-1573, p. 4, 890 So.2d at 581-82. Additionally, this Court stated that "[t]he function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading." 03-0828, 03-1573, p. 4, 890 So.2d at 582.
In determining whether a pleading states a cause of action, a court must review the pleadings and accept properly pleaded facts as true. Id., citing Jackson v. State ex rel. Department of Corrections, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806. The issue at the trial of an exception of no cause of action is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id., citing Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. The pertinent question at such a trial is whether, in light of the facts viewed most favorably for the plaintiff and with all doubts resolved in favor of the plaintiff, the petition states a valid cause of action. Id., citing City of New Orleans v. Board of Commissioners of the Orleans Levee District, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253.
In Johnson, this Court based its determination that the exception of no cause of action filed by CFI and IPC was properly granted by the trial court on the grounds that the petition failed to identify a legal duty owed by CFI and IPC to the School Board. This Court held that "[a]ccepting the allegations of fact in the third party demands as true, the third party plaintiffs have not shown that the third party defendants owed a duty to plaintiffs, and therefore, third party plaintiffs have no claim for contribution or indemnity against the third party defendants." 03-0828, 03-1573, p. 5, 890 So.2d at 582.
In Johnson, this Court also stated that "the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action." Id., citing Montalvo v. Sondes, 93-2813, p. 6, 637 So.2d 127, 131. Thus, to defeat an exception of no cause of action, the facts that are pled must be sufficiently specific for a court to find that those facts, if proven, demonstrate that a legal duty is owed by one party to another.

Assignments of Error
The School Board has raised two assignments of error. In the first assignment of error, the School Board asserts that the trial court erred when it granted CFI's and IPC's exceptions of no cause of action. In the second assignment of error, the School Board asserts that the trial court erred when it granted CFI's and IPC's exceptions of no right of action.
The School Board has alleged that CFI and IPC had a duty to the plaintiffs in this case, because CFI and IPC knew or should have known that their activities would cause injury to persons living on or near the Agriculture Street Landfill. Nevertheless, it was a predecessor company, Letellier Phillips Paper Company, that the School Board has alleged "salvaged bottles, cans, rags, paper, glass, scrap metal and other materials from the Agriculture Street Dump, beginning in or about 1948." Although this allegation regarding Letellier *765 Phillips is in the original third party demand, rather than the amended third party demand, the allegations in the original demand are expressly incorporated by reference into the amended demand. In the amended third party demand, the School Board makes allegations regarding CFI and IPC as the corporate successors of Letellier Phillips.
Thus, on the face of the amended petition, including the pleadings expressly incorporated by reference, Letellier Phillips salvaged, rather than deposited, material from the Agriculture Street Landfill. The amended third party demand then alleges that CFI and IPC, as the corporate successors to Letellier Phillips, improperly or illegally disposed of materials with elevated levels of toxicity at the site and should have known that such activity would cause harm to others or to the environment. The only specific factual allegation regarding CFI and IPC, as the corporate successors to Letellier Phillips, is that Letellier Phillips salvaged certain items from the Agriculture Street Landfill.
Even after it was amended, the third party demand does not allege that a legal duty was owed to the plaintiffs in this case. CFI and IPC owe no duty to the plaintiffs under the allegations on the face of the amended third party demand.
Although all of the third party defendants are stated to have owed a duty to the plaintiffs to use the Agriculture Street Landfill only for its designated purpose and to disclose what materials were disposed of at the landfill, the only allegation that specifically relates to CFI's and IPC's predecessor does not involve depositing or dumping any materials, much less any that were not supposed to have been dumped at the landfill. The specific allegations relating to CFI's and IPC's predecessor are contained in the original third party demand and are incorporated by reference into the amended third party demand. These allegations relate to removal of certain materials from the landfill. There are no allegations in the original third party demand or the amended third party demand that the removal of materials from the landfill caused damage to anyone. Additionally, there are no factual allegations in either the original or the amended third party demand that demonstrate how the School Board reached the legal conclusion that CFI and IPC are liable for the activities of a corporate predecessor that allegedly occurred sometime between 1948 and 1958.
Although the School Board has raised an assignment of error contending that the granting of CFI's and IPC's exception of no right of action was in error, we need not address that assignment. Our finding that the School Board has no cause of action against CFI and IPC, that finding is dispositive of this case.

Amendment of the Pleadings
La. C.C.P. art. 934 provides that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." Article 934 further provides, however, that if the grounds for the objection raised through the peremptory exception cannot be removed, the claim shall be dismissed. The School Board has already been given an opportunity to amend the third party demand, and the objections raised by CFI's and IPC's exception of no cause of action have not been removed. Therefore, the claim asserted in the third party demand and the amended third party demand by the School Board against CFI and IPC is dismissed.

*766 CONCLUSION
The trial court judgment is hereby affirmed. The third party demand and the amended third party demand by the School Board against CFI and IPC are hereby dismissed with prejudice.
AFFIRMED AND THIRD PARTY DEMANDS AGAINST CFI INDUSTRIES, INC. AND IPC, INC. DISMISSED.
NOTES
[1] La. C.C.P. art. 927(A)(4)-(5) provides that the objections that may be raised through peremptory exceptions include the exceptions of no cause of action and no right of action.