992 So.2d 1091 (2008)
CRUTCHER-TUFTS RESOURCES, INC., Frederick J. Tufts, Allison McAshan and James Reiss
v.
J. Davis TUFTS, III and Tufts Energy, LLC.
No. 2007-CA-1556.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 2008.
Rehearing Denied October 15, 2008.
*1092 Robert A. Kutcher, Nicole S. Tygier, Chopin, Wagar, Richard & Kutcher, LLP, Metairie, LA, for Crutcher-Tufts Resources, Inc., Crutcher-Tufts Resources, LP, Through Trevor G. Bryan, Liquidator.
Daniel Lund, Jason R. Anders, Montgomery Barnett Brown Read Hammond & Mintz, L.L.P., New Orleans, LA, for Southpac Trust International Inc., solely in its capacity as trustee of the JDT/CLT Family Trust.
(Court composed of Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD, Judge Pro Tempore Moon Landrieu).
JAMES F. McKAY III, Judge.
The underlying facts of this appeal involve numerous parties and litigation that has been ongoing for almost seven years. The point of contention between the parties is the ownership and management of several trusts. For a more detailed description of the underlying dispute between the parties, one may consult our earlier opinion in this case. Crutcher v. Tufts, XXXX-XXXX (La.App. 4 Cir. 2/16/05), 898 So.2d 529.
In the instant case, the only issue before this Court is whether the trial court properly granted defendant's, Southpac Trust International, Inc.'s (the trustee of *1093 the JDT/CLT Family Trust), exception of no cause of action as to plaintiff's, Trevor Bryan's (the liquidator for Crutcher-Tufts Resources, L.P.), third amended, supplemental and restated petition on December 6, 2006. The trial court rejected both the alter ego and conspiracy claims put forward by the plaintiff. On December 14, 2006, the plaintiff filed a motion for a new trial or, in the alternative, motion for written reasons. On August 28, 2007, the trial court denied the plaintiff's motion for a new trial and designated its December 6, 2006 judgment as a final judgment pursuant to La. C.C.P. art. 1915(B)(1). It is from this judgment that the plaintiff now appeals.[1]
In reviewing a trial court's ruling sustaining an exception of no cause of action, the reviewing court conducts a de novo review because the exception raises a question of law. Jackson v. State ex rel. Dept. of Corrections, 2000-2882 (La.5/15/01), 785 So.2d 803, 806. While the allegations of the petition must be viewed in a light most favorable to the plaintiff, the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action. Ramey v. Decaire, XXXX-XXXX (La.3/19/04), 869 So.2d 114, 118. Moreover, this Court has held that, in order to defeat an exception of no cause of action, "the facts that are pled must be sufficiently specific for a court to find that those facts, if proven, demonstrate that a legal duty is owed by one party to another." Johnson v. Orleans Parish School Bd., XXXX-XXXX (La.App. 4 Cir. 3/22/06), 929 So.2d 761, 764 citing Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127.

Alter Ego
The factors for evaluating an alter ego claim in a corporate setting are: 1) commingling of corporate and shareholder funds; 2) failure to follow statutory formalities required for the transaction of corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder or director meetings. Alomang v. Freeport-McMoRan, Inc., 2000-2099 (La.App. 4 Cir. 2/20/02), 811 So.2d 98, 101.
In the instant case, the plaintiff's petition does not allege that any of the above enumerated conditions exist and as such his petition is deficient. Instead, the plaintiff has asserted nothing more than mere legal conclusions, unsupported by factual allegations, which are wholly insufficient to articulate a claim under the alter ego theory of liability. Furthermore, with respect to the trusts, the plaintiff's third amended petition specifically alleges that David Tufts, along with his mother, used the voting power of the three entities to usurp the properly elected board of CTR, Inc. Because this allegation is not made against Southpac, there is nothing alleged to support an alter ego claim against Southpac. Based on the record before this Court, it is clear that plaintiff has no cause of action against Southpac based on an alter ego theory of liability.

*1094 Conspiracy
As to the plaintiff's claim of conspiracy, the Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law. Ross v. Conoco, Inc., XXXX-XXXX (La.10/15/02), 828 So.2d 546 citing Butz v. Lynch, 97-2166 (La.App. 1 Cir. 4/8/98), 710 So.2d 1171. See also La. C.C. Art. 2324. Instead, it is "the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part" that constitutes the actionable elements of a claim. Id. In order to recover under a conspiracy theory, a plaintiff must allege and prove that an agreement existed to commit an illegal or tortious act, which act was actually committed, which resulted in the plaintiff's injury, and there was an agreement as to the intended outcome or result. Butz at 1174.
In the instant case, there are no allegations in the petition that Southpac, as trustee of the JDT/CLT Family Trust, entered into any agreement to commit an illegal or tortious act, actually committed the act which resulted in plaintiff's alleged injury, or that there was any agreement as to the intended outcome or result. The plaintiff's putative cause of action is identified simply as "conspiracy," which is not an actionable legal theory or cause of action in Louisiana. Accordingly, plaintiff has no cause of action based on conspiracy.

Conclusion
For the foregoing reasons, we affirm the trial court's maintaining of the defendant's exception of no cause of action. The plaintiff's third amended, supplemental and restated petition fails to state a cause of action against Southpac under an alter ego theory or for conspiracy.

AFFIRMED.
LANDRIEU, J. Pro Tempore, concurs with reasons.
LANDRIEU, J. Pro Tempore, concurs with reasons.
I concur in the majority opinion insofar as it affirms the trial court judgment maintaining the peremptory exception of no cause raised by the defendant, Southpac Trust International, Inc. However, considering that the trial judge did not indicate in her reasons for judgment whether or not amending the petition would be futile, I believe the case should be remanded to the trial court to allow the plaintiffs the opportunity to amend their petition pursuant to La.C.C.P. art. 934.
NOTES
[1] On appeal, the plaintiff attempts to raise the issue that the trial court denied him an opportunity to amend his petition so as to state a cause of action. The decision to permit an amendment is within the sound discretion of the trial court and will not be disturbed absent a showing of manifest error or abuse of discretion. Massiha v. Beahm, XXXX-XXXX (La.App. 4 Cir. 8/15/07), 966 So.2d 87, 89. Where a plaintiff may be able to remove the grounds of defendant's peremptory exception so as to properly state a cause of action, the plaintiff should be afforded an opportunity to amend the petition. Id. Amendment, however, is not permitted when it would constitute a vain and useless act. Id.