TERRI F. LOVE, Judge.
 

 |! Fillis Friedman seeks judicial review of the Louisiana State Board of Dentistry’s investigation into her allegations against her dentist and a declaratory judgment. The trial court determined that the record was void of a subject to review or warranting the grant of a declaratory judgment. We find that the trial court did not err and affirm.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Fillis Friedman (“Ms. Friedman”) had a protracted affair with her dentist, Dr. William Karam (“Dr. Karam”). After the affair ended, Ms. Friedman wrote a letter to the Louisiana State Board of Dentistry (“Board”) detailing Dr. Karam’s “unprofes-sionalism,” which included, but not limited to, allegations that Dr. Karam molested her, convinced her that she loved him more than her husband, and sent her lewd photographs. Ms. Friedman also alleged that Dr. Karam acted inappropriately with her daughter.
 

 The Board responded, stating that the “investigation could prove none of the accusations.”
 
 [1]
 
 Further, the Board informed Ms. Friedman that any recourse would Income from a private or civil matter
 
 [2]
 
 and
 
 *567
 
 that the Disciplinary Oversight Committee found there was no violation of La. R.S. 87:751,
 
 et seq.
 

 Ms. Friedman filed a petition for review of declaratory judgment against the Board. The Board filed a peremptory exception of no cause of action, which the trial court maintained and dismissed Ms. Friedman’s petition. Later, the trial court designated the ruling on the exception as a final judgment, subject to appeal.
 

 NO CAUSE OF ACTION
 

 The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition.
 
 Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,
 
 616 So.2d 1234, 1235 (La.1993). A trial court’s granting of a peremptory exception of no cause of action is a legal question. La. C.C.P. art. 927. Legal questions are reviewed by appellate courts utilizing the
 
 de novo
 
 standard of review.
 
 Williams v. Fahreuholtz,
 
 08-0961, p. 3 (La.App. 4 Cir. 7/25/08), 990 So.2d 99,102.
 

 “[T]he allegations of the petition must be viewed in a light most favorable to the plaintiff.”
 
 Crutcher-Tufts Res., Inc. v. Tufts,
 
 07-1556, p. 2 (La.App. 4 Cir. 9/17/08), 992 So.2d 1091, 1093. However, “the mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action.”
 
 Id.
 
 “[T]he facts that are pled must be sufficiently specific for a court to find that those facts, if proven, demonstrate that a legal duty is owed by one party to another.”
 
 Johnson v. Orleans Parish Sch. Bd.,
 
 05-0796, p. 5 (La.App. 4 Cir. 3/22/06), 929 So.2d 761, 764.
 

 JUDICIAL REVIEW
 

 Ms. Friedman contends that the trial court erroneously granted the Board’s | .¡exception of no cause of action because judicial review of administrative actions and decisions is available, pursuant to La. R.S. 37:786.
 
 [3]
 
 The Board imposes discipline upon dental professionals if its investigation finds a violation of La. R.S. 37:776(A). The violations include, in part:
 

 (5) Habitual indulgence in the use of drugs, narcotics, or intoxicating liquors.
 

 (6) Prescribing, dispensing, or administering habit-forming or other legally controlled substances in other than a legal or legitimate manner.
 

 (7) Professional or dental incompetency.
 

 (8) Dental practice which fails to satisfy the prevailing acceptable standards of dental practice in this state.
 

 (12) Making any misrepresentations or false promises, directly or indirectly, to influence, persuade, or induce dental patronage.
 

 (15) Unprofessional conduct as defined in R.S. 37:775.
 

 (16) Any conduct intended to deceive or defraud the public.
 

 (22) Immoral conduct in exercising the privileges provided for by license or permit issued under this Chapter.
 

 
 *568
 
 (27) Failing to cooperate with the board in investigating any matter before the board except for an openly expressed claim of a constitutional privilege; or knowingly failing to respond to a lawful demand from the board for information from any professional licensing or disciplinary authority.
 

 La. R.S. 37:776(A). The Board “[s]hall investigate complaints of illegal practice or a violation of this Chapter when evidence is presented to the board.” La. R.S. 37:760(A)(7). An administrative complaint may be issued if the Board determines that a citizen’s allegations can be substantiated. La. R.S. 37:779(B). (Emphasis Ladded). The Board is vested with discretion as to the institution of disciplinary proceedings following an investigation.
 
 See
 
 La. R.S. 37:779(B). Additionally, the statutes are inapplicable, as the case
 
 sub judice
 
 does not involve a disciplinary proceeding.
 

 Ms. Friedman desires this Court to order the Board to conduct a new investigation. However, the statute only provides for review if the Board or a disciplinary committee of the Board “renders a decision in an administrative adjudication.” La. R.S. 37:786(A). After conducting a mandatory investigation of Ms. Friedman’s claims, the Board determined that the claims could not be substantiated. In the case
 
 sub judice,
 
 the Board did not undertake any adjudication proceedings subject to review and the record lacks evidence of impropriety in regards to the investigation.
 

 DECLARATORY JUDGMENT
 

 Ms. Friedman also asserts that she is entitled to declaratory relief. La. C.C.P. art. 1871 provides:
 

 Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
 

 The statute provides that this Court “may declare rights, status, and other legal relations” as to the availability of further relief. However, none are available. Ms. Friedman seeks an additional investigation by the Board. The record does not |Breveal any impropriety in the first and only mandatory investigation. Furthermore, Ms. Friedman’s brief fails to cite to the statutes regarding declaratory judgments and also fails to cite an authority in support of her contention. Therefore, we find that Ms. Friedman is not entitled to the relief she seeks.
 

 DECREE
 

 For the above mentioned reasons, we find that the trial court did not err in granting the Board’s peremptory exception of no cause of action and affirm.
 

 AFFIRMED.
 

 [1]
 

 . Ms. Friedman averred that the Board's investigators were biased.
 

 [2]
 

 . In addition to Ms. Friedman's other private and civil remedies mentioned by the Board,
 
 *567
 
 Ms. Friedman could have forwarded her allegations to the appropriate district attorney.
 

 [3]
 

 . La. R.S. 37:786(A) provides, in pertinent part:
 

 A. (1) Where the board, whether through a disciplinary committee or the entire board, renders a decision in an administrative adjudication, the party aggrieved by it may resort to the civil district court for the parish of Orleans for judicial review. Any such appeals shall be filed in the court in the same manner as original suits are instituted therein. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.