DAVID S. GORBATY, Judge.
[TIn this appeal, Crutcher-Tufts Resources, Inc. (“the Corporation”) and Crutcher-Tufts Resources, L.P. (“the Partnership”), appearing through their liquidator, Trevor G. Bryan, seek review of the trial court’s judgment maintaining the exceptions of no cause of action filed by Stephen Conroy, trustee of the J. David Tufts, III and Claudia Liberto Tufts Children Trust (collectively, “Children Trust”) and J. David Tufts, III, trustee for the JDT/RGT Family Trust (“Ruth’s Trust”). For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

This lawsuit, filed nearly eight years ago, involves allegations of mismanagement of two businesses founded by members of the Crutcher and Tufts families: the Corporation and the Partnership. The petition in this case has been amended five times already. In broadest terms, the real focus of this lawsuit is various claims for breach of fiduciary duty by David Tufts, and for breach of contract against Tufts Energy, a company hired by the Corporation to manage the business activities of the Partnership. Plaintiffs added as defendants the trustees of three different *989 trusts, including the Children Trust and Ruth’s Trust, under a theory of alter ego liability or of conspiracy.
12In their earlier Third Amended Petition, plaintiffs attempted to state claims for alter ego and conspiracy against the Children Trust, Ruth’s Trust, and the JDT/CLT Family Trust, whose trustee is Southpac Trust International, Inc. (“Southpac”). Plaintiffs alleged, among other things, that the three trusts were liable in solido for all damages suffered by the plaintiffs as a result of the conduct of David Tufts under an alter ego theory liability, or alternatively under a conspiracy theory of liability.
Southpac filed an exception of no cause of action as to the alter ego and conspiracy claims, which was granted. On appeal, this court affirmed the trial court’s holding as to both counts. Crutcher-Tufts Resources, Inc. v. Tufts, 07-1556 (La.App. 4 Cir. 9/17/08), 992 So.2d 1091 (“Southpac Appeal”). The Supreme Court denied plaintiffs’ writ application. Crutcher-Tufts Resources, Inc. v. Tufts, 08-2677 (La.01/16/09), 998 So.2d 105.
Five months later, plaintiffs filed their current petition. The Children Trust and Ruth’s Trust filed exceptions of no cause of action as to the alter ego and conspiracy claims. After a hearing, the trial court granted the exceptions. Plaintiffs subsequently filed this appeal.

DISCUSSION

Plaintiffs aver that the trial court erred in dismissing its alter ego claims.
In reviewing a trial court’s judgment maintaining an exception of no cause of action, this court conducts a de novo review. Jackson v. State ex rel. Dept. of Corrections, 2000-2882 (La.5/15/01), 785 So.2d 803.
In their Fourth Amended Petition, plaintiffs assert that David Tufts orchestrated a “board coup” for the purpose of retaining a profitable management agreement for his own personal gain. In addition to suing David Tufts, plaintiffs 1 ¡Tiled suit against numerous entities and individuals, including Ruth’s Trust and the Children Trust. Plaintiffs did not allege any direct claims against the trusts. Instead, they asserted derivative claims of alter ego and conspiracy. The trial court held that the plaintiffs’ petition did not contain “sufficient allegations” to state an alter ego claim.
In the Southpac Appeal, this court considered the sufficiency of plaintiffs’ alter ego claims under Louisiana law, stating:
The factors for evaluating an alter ego claim in a corporate setting are:
(1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities required for the transaction of corporate affairs; (3) un-dercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder or director meetings.
Crutcher-Tufts Resources, Inc., supra, 992 So.2d at 1094.
Moreover, in Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164 (La.1991), the Louisiana Supreme Court noted that the limited liability attendant to corporate ownership should be disregarded, and therefore the alter ego theory applied, “only in exceptional circumstances.” Id. at 1168.

RUTH’S TRUST

There is no allegation whatsoever that Ruth’s Trust was formed improperly or was formed for some improper- purpose. Further, there is no allegation that Ruth’s Trust commingled its assets with David Tuft’s assets; that Ruth failed to follow the appropriate statutory or regulatory formalities when she settled the trust; that Ruth’s Trust was undercapitalized for *990 its purpose; or that Ruth’s Trust failed to maintain bank accounts or financial records separate and apart from David Tufts.
Ruth’s Trust was settled long before the events giving rise to this litigation. It was not settled by David Tufts, and does not contain any of his assets. David Tufts is not a beneficiary of Ruth’s Trust. Plaintiffs cannot point to a single case in 14which the sanctity of a trust can be disregarded by way of an alter ego claim to satisfy the debts of a third party.
After this court’s earlier decision in the Southpac appeal, plaintiff added the following allegations regarding Ruth’s Trust:
• That David Tufts dominates the trust, makes decisions over the trust, and used the voting power of the trust to obtain financial benefits for himself and his company;
• That, upon information and belief, David Tufts, appeared at a mediation on behalf of the trust; and
• That David Tufts used his power over the voting rights of the trust to improperly remove officers from the Corporation.
These purported facts do not give rise to an alter ego claim against Ruth’s Trust.
A trust can only act through its trustee. La. R.S. 9:1781, 9:2091. Because a trust can only act through its trustee, David Tufts’ actions as trustee cannot serve as a basis for finding Ruth’s Trust liable for his personal debts.

THE CHILDREN TRUST

Paragraphs 102 through 109 of the petition are plaintiffs’ attempt to set forth an alter ego claim, but they do not address the alter ego factors identified in the Southpac appeal. Instead, as discussed above, plaintiffs assert that David Tufts “dominated the Trusts” including the Children Trust. Plaintiffs do not give examples of how David Tufts, instead of Con-roy, the appointed trustee of the Children Trust, made even a single decision for that trust. Plaintiffs also assert that David Tufts had “use” of the Children Trust’s voting power, but again provide no specific allegations. Importantly, plaintiffs’ allegations involve the conduct of |fionly David Tufts, and do not even mention the defendant trustee of the Children Trust, Con-roy.
Even assuming that the alter ego doctrine could be applied to a' trust under Louisiana law (something which has never been done by a Louisiana court before), no facts are alleged in the petition which would, if proven, establish the existence of the exceptional circumstances that justify the application of that doctrine here. Based on the foregoing, and consistent with the ruling in the Southpac appeal, we find that the trial court did not err in sustaining the exceptions of no cause of action.
Plaintiffs also argue that the trial court erred in dismissing their conspiracy claim.
In the Southpac appeal, this court affirmed the trial court’s judgment sustaining the exception of no cause of action, stating:
In the instant case, there are no allegations in the petition that Southpac, as trustee of the JDT/CLT Family Trust, entered into any agreement to commit an illegal or tortuous act, actually committed the act which resulted in plaintiffs’ alleged injury, or that there was any agreement as to the intended outcome or result. The plaintiffs’ putative cause of action is identified simply as “conspiracy,” which is not an actionable legal theory or cause of action in Louisiana.
Crutcher-Tufts Resources, Inc., supra, 992 So.2d at 1094.
Despite that ruling, plaintiffs did not supplement or amend their defective conspiracy claim when they filed their current *991 petition five months later. Instead, the allegations in paragraphs 110 through 112 of the petition, which is the entirety of plaintiffs’ attempt to set forth a conspiracy claim against the trusts, are unchanged from plaintiffs’ earlier allegations against Southpac:
110.
j (¡The Plaintiffs reallege and incorporate by reference all preceding allegations in this petition.
111.
In the alternative, in the event that it is determined that the Children Trust, [Ruth’s Trust], and/or Tufts Energy are not alter egos of David Tufts, then each has conspired with David Tufts and/or each other to harm the CTR Entities in order to enrich themselves.
112.
The Children Trust, [Ruth’s Trust,] and Tufts Energy are liable in solido with David Tufts for all damages suffered by the CTR Entities as a result of all acts in furtherance of their conspiracy to harm the CTR Entities.
Conspiracy by itself is not an actionable claim under Louisiana law. Ross v. Conoco, Inc., 2002-0299 (La.10/15/02), 828 So.2d 546. Instead, it is the “tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part” that constitutes the actionable elements of a claim. Ross, 02-2009 at pp. 7-8, 828 So.2d at 552.
La. C.C. art. 2324 provides: “He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.” In order to recover under a conspiracy theory of liability, a plaintiff must prove that an agreement existed to commit an illegal or tor-tious act; the act was actually committed and resulted in plaintiffs injury; and there was an agreement as to the intended outcome or result. Butz v. Lynch, 97-2166 (La.App. 1 Cir. 4/8/98), 710 So.2d 1171. Similarly, Thomas v. North 40 Land Development, Inc., 04-0610 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160, held: “To establish a conspiracy, a plaintiff is required to provide evidence of the requisite agreement between the parties ... stated otherwise, the plaintiff is required to establish a meeting of the minds or collusion between the parties for the purpose of committing wrongdoing.”
|7As with the now-dismissed South-pac, the petition does not contain even the threshold allegation that the trustees of the Children Trust or Ruth’s Trust entered into any agreement to commit an intentional tort. There were no allegations that an illegal or tortious act was committed that then resulted in the plaintiffs’ alleged injury, or that there was any agreement as to the intended outcome or result.
The only person alleged to have committed any acts in furtherance of this supposed conspiracy is David Tufts. It is well established that a person cannot conspire with himself. U.S. v. Williams, 341 U.S. 70, 86, 71 S.Ct. 581, 590, 95 L.Ed. 758 (1951); Alexander v. Texas Co., 149 F.Supp. 37, 45 (W.D.La.1957).
There was no agreement to conspire, no underlying tort for the claim, and only one person, David Tufts, involved in the alleged conspiracy. As such, we find that plaintiffs failed to state a cause of action for conspiracy, and hold that the trial court did not err in granting the exception of no cause of action.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

BONIN, J., concurs and assigns additional reasons.