PATRICIA RIVET MURRAY, Judge.
|rJ. David Tufts, III, appeals the trial court’s granting of partial summary judgment finding him liable for any damages caused to Crutcher-Tufts Resources, LP by his improper signing of certain hedge contracts on its behalf. For the reasons that follow, we reverse the trial court’s granting of partial summary judgment.
FACTS AND PROCEEDINGS BELOW
This lawsuit, which began in 2002, essentially involves allegations of mismanagement of two separate legal entities, both formed under Delaware law, namely Crutcher-Tufts Resources, LP [hereinafter referred to as “the Partnership”], and Crutcher-Tufts, Inc. [hereinafter referred to as “the Corporation”], both of which were discharged in bankruptcy in 2008. Both entities were founded by and composed of various members of the Crutcher and Tufts families. At all pertinent times, the Corporation served as the managing partner of the Partnership, which |2owned various oil and gas properties. Several predicate issues in this litigation have been addressed by this court in at least three prior appeals.[1]
The instant dispute concerns the trial court’s granting of a motion for partial summary judgment filed by the Partnership and the Corporation against J. David Tufts, III, seeking a declaration holding *43 Mr. Tufts personally liable for any damages caused by his April 10, 2002, signing of two hedge contracts as president of the Corporation, on behalf of the Partnership. Approximately one year after Mr. Tufts signed these contracts, a minority shareholder of the Corporation filed a quo war-ranto action challenging the validity of the majority’s removal and replacement of two directors from the Corporation’s six-member board in March, 2002. The plaintiff in that suit also sought a declaration that the subsequent election of officers, including Mr. Tuft’s reelection as president, held by the reconstituted board was invalid.
In January, 2004, the district court found that the majority shareholders had lacked the authority to reconstitute the board, which ruling invalidated Mr. Tufts’ re-election; this court affirmed on February 16, 2005. That holding serves as the primary basis for the motion for partial summary judgment asserted herein. In the trial court, the movers argued that because Mr. Tufts had not been validly elected president of the Corporation, his signing of the hedge contracts was improper. Alternatively, they contended that Mr. Tufts’ signing of the contracts had not been |.^authorized by the Board of Directors of the Corporation, as required by the Corporation’s bylaws.
The district court heard the motion on April 9, 2010. On May 28, 2010, the district court rendered a written judgment and Reasons for Judgment finding that Mr. Tufts had no authority to bind the Partnership because the minutes of the Corporation did not reflect that its Board had approved the hedge contracts, as required by the bylaws. Therefore, the court granted partial summary judgment holding “as a matter of law” that the hedge contracts had been improperly executed and that Mr. Tufts was liable for any damages resulting from his unauthorized execution of these contracts. On June 15, 2010, upon Mr. Tufts’ motion, the district court certified its judgment as final for the purposes of an immediate appeal.[2] This appeal followed.
ISSUES
Mr. Tufts asserts the trial court erred by granting summary judgment in favor of the Partnership because there is at least a genuine issue of fact as to whether Mr. Tufts is legally liable for his signing of the hedge contracts. He also contends that that the trial court erred by granting summary judgment in favor of the Corporation because the court had previously dismissed with prejudice the Corporation’s claim for damages against Mr. Tufts.
Although the motion was brought jointly by the Partnership and the Corporation, and summary judgment was granted in favor of both, only the ^Partnership has filed an appellee brief in this court.[3] In that brief, it is acknowledged that, prior to the hearing on the motion the trial court had dismissed with prejudice the Corporation’s claim. The appellee brief therefore concedes that the inclusion of the Corporation in the May 28, 2010, judgment was error.
As to the granting of summary judgment in favor of the Partnership, the appellant argues the trial court erred because:
(1) Mr. Tufts was authorized to act on behalf of the Partnership when he signed the hedge contracts; or alternatively, whether he was so authorized is a genuine issue of material fact;
*44 (2) The Agreement of Limited Partnership in effect between the Partnership and the Corporation provides that the Partnership cannot bring a claim for damages against an officer or agent of the Corporation, such as Mr. Tufts, unless the act or omission complained of constituted gross negligence or willful misconduct; and no evidence was presented to establish that Mr. Tufts’ signing of the hedge contracts constituted either; or alternatively, whether his conduct met this standard is a genuine issue of material fact;
(3) Mr. Tufts is not legally liable for his signing of the contracts, even if unauthorized, because the Partnership subsequently acquiesced in and/or ratified those contracts; or alternatively, whether ratification occurred is a genuine issue of material fact.
| .STANDARD OF REVIEW
The granting of summary judgment by a district court is reviewed de novo, with the appellate court using the same criteria that governed the district court’s consideration of whether summary judgment is appropriate. Safeway Insurance Co. of La. v. Premier Automotive Superstore, 09-0074, p. 2 (La.App. 4 Cir. 5/27/09), 13 So.3d 236, 238. Summary judgment shall be rendered if there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. When, as in the instant case, the party bringing the motion is also the party that will bear the burden of proof at trial, the burden of showing there is no genuine issue of material fact remains with the mover. Henly v. Phillips Abita Lumber Co., 2006-1856, p. 4 (La.App. 1 Cir. 10/3/07), 971 So.2d 1104, 1108. Once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that one or more material factual issues remain. Fossier v. Jefferson Parish, 2007-926, p. 8 (La.App. 5 Cir. 4/15/08), 985 So.2d 255, 259.
Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050. Thus, any dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Barbarin v. Dudley, 2000-0249, p. 6 (La.App. 4 Cir. 12/20/00), 775 So.2d 657, 660. In deciding a motion for summary judgment, the district court cannot make credibility | (^determinations or weigh conflicting evidence. Hutchinson v. Knights of Columbus, Council No. 5747, 2003-1533, p. 8 (La.2/20/04), 866 So.2d 228, 234. Therefore, summary judgment is generally not an appropriate disposition for cases requiring a judicial determination of subjective facts, such as motive, intent, good faith, or knowledge. Coates v. Anco Insulations, Inc., 2000-1331, p. 7 (La.App. 4 Cir. 3/21/01), 786 So.2d 749, 754.
DISCUSSION
We first note that the transcript of the April 9, 2010 hearing contains an acknowl-edgement by Mr. Robert Kutcher (counsel for both the Corporation and the Partnership) that because the Corporation’s claim against Mr. Tufts had been dismissed with prejudice prior to the bringing of the motion for summary judgment, the motion was being urged on behalf of the Partnership alone. The record confirms that the Corporation’s claim against Mr. Tufts was dismissed on exceptions in May, 2007, which judgment is now final. We therefore find that the trial court erred by granting partial summary judgment on be *45 half of the Corporation, and we reverse that determination.
With regard to the Partnership, Mr. Tufts argues that partial summary judgment was improper because he was authorized to sign the hedge contracts, or even if he was not so authorized, he reasonably believed he was, such that his signing of them did not constitute gross negligence or willful misconduct. The transcript of the motion hearing and the trial court’s Reasons for Judgment reveal that the court granted partial summary judgment on a single basis: the fact that the minutes of the Corporation’s Board meetings do not reflect that the Board 17approved the hedge contracts. In view of the evidence presented, however, we do not find this fact to be dispositive of the issue before the trial court.
The trial court relied primarily upon Article IV, Section 5 of the Corporation’s Amended Bylaws, which states, in pertinent part: “The President may sign and execute in the name of the Corporation deed, mortgages, bonds, contracts or other instruments authorized by the Board of Directors.”[4] As the trial court interpreted this provision,[5] the absence of a Board resolution or any other mention of the 2002 hedge contracts from the minutes of the Board meetings is unequivocal proof that Mr. Tufts did not have authorization to sign these contracts and therefore he is liable for any damages to the Partnership resulting therefrom.
Mr. Tufts contends that, even assuming he lacked authorization to sign the contracts, he cannot be held legally liable for the resulting damages to the Partnership unless the Partnership has shown that his actions constituted gross negligence or willful misconduct. We agree. Article V, Section 5.3(a) of the Agreement of Limited Partnership in effect between the Partnership and the Corporation provides, in pertinent part:
The Managing General Partner and the Partners and their partners, officers, directors, employees and agents shall not be liable, responsible or accountable in damages or otherwise to the Partnership or the other Partners for any acts or omissions that do not constitute gross negligence or willful misconduct (simple negligence not giving rise to liability)....
Under Delaware law, which is indisputably applicable to the interpretation of this agreement, “gross negligence” is defined as follows:
| sGross negligence has a stringent meaning under Delaware corporate (and partnership) law, one “which involves a devil-may-care attitude or indifference to duty amounting to recklessness.” .... In order to prevail on a claim of gross negligence, a plaintiff must plead and prove that the defendant was “recklessly uninformed” or acted “outside the bounds of reason.”
Albert v. Alex. Brown Management Services, Inc., 31 Del. J. Corp. L. 267, 2005 WL 2130607, p. 4 (Del.Ch., Aug.26, 2005) (citations omitted). Similarly, “wilful misconduct” is “unlawful or improper behavior” that is “committed voluntarily and *46 intentionally.” See Surles v. 1401 Condominium Ass’n, 06-12-323, 2008 WL 704323, p. 4 (Del.Com.PL, Jan.3, 2008). The parties do not dispute that these definitions accurately reflect Delaware law on this issue.
In his written opposition to the motion for summary judgment and again on appeal, Mr. Tufts argues that the Partnership neither alleged nor proved that his actions constituted gross negligence or willful misconduct. In its appellee brief, the Partnership does not dispute the applicability of the gross negligence/willful misconduct standard, but argues that there is sufficient evidence in the record from which this court could conclude that Mr. Tufts’ signing of the hedge contacts met this standard.
Mr. Tufts argues that at the pertinent time, he believed he was the validly-elected President of the Corporation, and he signed the hedge contracts because he believed doing so was in the best interest of the Partnership. In an affidavit submitted in opposition to the motion, Mr. Tufts averred that until January 28, 2004 (when the district court determined that two of the persons who had voted for his reelection were not properly-elected members of the Board), he “believed in good faith that [he] had been properly reelected President of CTR, Inc.” He further averred that at the time he executed the hedge contracts in 2002, he believed they|3were “a prudent financial strategy to protect CTR, LP from the potential risk of a decline in the price of oil.”
As the Louisiana Supreme Court has stated, in deciding a motion for summary judgment, the court must assume all affi-ants are credible. Hutchinson, supra, at p. 8, 866 So.2d at 234. Moreover, according to the above-cited Delaware law, if Mr. Tufts’ beliefs were reasonable, his actions cannot be deemed gross negligence or willful misconduct. Therefore, we find that whether Mr. Tufts’ signing of the hedge contracts constituted gross negligence and/or willful misconduct is, at the very least, a disputed issue of material fact. The hearing transcript and the Reasons for Judgment do not indicate that the trial court addressed this issue, although it was raised in Mr. Tufts’ opposition to the motion.[6] Nevertheless, we conclude that the record does not contain sufficient evidence to demonstrate that Mr. Tufts’ conduct constituted gross negligence or willful misconduct, which would be necessary to impose liability on the part of Mr. Tufts. Because this issue constitutes a genuine issue of material fact that precludes summary judgment, we find that the partial summary judgment in favor of the Partnership was improperly granted.
In so concluding, we note that the appellant, Mr. Tufts, asserts two other assignments of error which, in our view, also present genuine, disputed issues of fact. He first argues that his signing of the hedge contracts was authorized because the Agreement of Limited Partnership explicitly gave the Corporation the authority to “enter into hedging transactions” on behalf of the Partnership, and because the 1 i02QQ2 hedge contracts were merely exten *47 sions of ones that had been explicitly authorized by Board resolution in 2000. Additionally, Mr. Tufts asserts that he cannot be held liable for damages to the Partnership because the Partnership ratified the hedge contracts after he signed them. Although we find that these issues do present genuine issues of fact, we note that further interpretation of Delaware law would be necessary to determine whether these factual issues are also material, so as to preclude summary judgment.
For instance, the trial court obviously interpreted Article IV, Section 5 of the Corporation’s Bylaws to mean that a contract was not “authorized” unless the Board’s minutes reflected that it had been expressly authorized at a Board meeting. Mr. Tufts, however, asserts that under Delaware law, “authorization” is not so limited. If Mr. Tufts’ interpretation of Delaware law is correct, whether his signing of the contracts was authorized becomes a material issue of fact. Similarly, we find there is a disputed issue of fact with regard to whether the Partnership ratified Mr. Tufts’ actions. However, the issue of ratification is only material if, as Mr. Tufts argues, Delaware law would consider ratification as a complete bar to the Partnership’s right to collect damages from its own agent. The Partnership contends that under Delaware law, ratification would have no effect upon liability unless a third party were seeking to recover damages, which is not the case here. The Partnership therefore asserts that, between itself and Mr. Tufts, ratification is related only to quantification or mitigation of damages, not liability.
Because it is unnecessary for us to reach these disputed issues of Delaware law in order to render our decision on this appeal, we pretermit those issues, ^Accordingly, we conclude that the trial court erred by granting summary judgment in favor of the Partnership because there remains at least one genuine issue of material fact.
CONCLUSION
For the reasons stated, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BONIN, J., concurs with reasons.

. See: Crutcher v. Tufts, 04-0653 (La.App. 4 Cir. 2/16/05), 898 So.2d 529; Crutcher-Tufts Resources, Inc. v. Tufts, 07-1556 (La.App. 4 Cir. 9/17/08), 992 So.2d 1091; Crutcher-Tufts Resources, Inc. v. Tufts, 09-1572 (La.App. 4 Cir. 4/28/10), 38 So.3d 987.

. See La. C.C.P. art. 1915.

. The Partnership and the Corporation were represented by the same counsel at the hearing in the district court.

. The trial court’s Reasons for Judgment reflect that the court also relied upon Mr. Tufts' testimony at the June 14, 2005 hearing in U.S. Bankruptcy Court wherein Mr. Tufts acknowledged that he himself had control over the content of the minutes of the Board meetings.

. Although the trial court's Reasons for Judgment do not mention this fact, there is no dispute that Delaware law applies to the interpretation of the Bylaws and the Agreement of Limited Partnership. See Crutcher v.Tufts, 04-0653 (La.App. 4 Cir. 2/16/05), 898 So.2d 529.

. The appellee argues in its brief that counsel for Mr. Tufts failed to raise this issue at the hearing on the motion for summary judgment. However, considering that Mr. Tufts raised the issue in his written opposition to the motion, and that the trial court took the matter under submission for more than a month before rendering its decision, we find that the trial court should have considered this issue, and we therefore must assume that it did. Nevertheless, we cannot ignore an issue that clearly was raised before the trial court simply because the record does not reflect whether or not the trial court considered the issue in rendering its decision.