# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40284
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2016

Lyle W. Cayce
Clerk

DORA L. BONNER,

Plaintiff - Appellant

v.

TRIPLE-S MANAGEMENT CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CV-279

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:*

Attorney Dora Bonner ("Bonner"), proceeding pro se, appeals the dismissal of her suit against Triple-S for lack of personal jurisdiction. In her complaint, Bonner alleged that she had a contractual relationship with Triple-S, a Puerto Rican insurance company. The complaint alleges that Triple-S withheld funds that belong to Bonner, and asserts claims of fraud and negligence. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  16-40284

court granted Triple-S's 12(b)(2) motion to dismiss, concluding that no contractual or business relationship existed between Bonner and Triple-S.  After reviewing the parties' briefing, the record, and the applicable law, we find no reversible error and **AFFIRM**.

## BACKGROUND

Bonner was defrauded of several thousand dollars.  She was contacted by someone allegedly on behalf of Triple-S who represented that Bonner was due a multi-million dollar foreign judgment stemming from a fraudulent timeshare sale.[1]  Bonner was asked to pay over $50,000 in transfer fees in order to wire the judgment award to her bank account.  Bonner paid the fees, but never received the money judgment.[2]  In trying to recover the funds, Bonner sued Triple-S in state court.  Triple-S removed the case to federal district court and moved to dismiss for lack of personal jurisdiction.  The district court granted dismissal and Bonner timely appealed.

## STANDARD OF REVIEW

A district court's dismissal for want of personal jurisdiction pursuant to Rule 12(b)(2) is subject to *de novo* review.  *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997).  The "plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident."  *Johnston* v. *Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  "[W]here the district court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case of jurisdiction."

---

[1] Bonner had phone conversations with individuals that purportedly worked for Triple S, and received emails and documents bearing Triple-S's name and supposed address.

[2] The facts alleged by Bonner suggest that she was the victim of a 4-1-9 scam, where scammers posing as agents of a known entity offer the victim a large sum of money in exchange for a smaller transaction fee.

No. 16-40284

*Felch* v. *Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996) (citations omitted).  When the court, however, holds an evidentiary hearing, the plaintiff must establish jurisdiction by a preponderance of evidence.  *Id.*  This Court reviews any factual findings material to the district court's ruling for clear error.  *Irvin v. S. Snow Mfg., Inc.*, 517 F. App'x 229, 230 (5th Cir. 2013).

Discovery decisions of the trial judge are reviewed for abuse of discretion. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428 (5th Cir. 2005).  "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."  *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982) (citation omitted).  Discovery need not be afforded "where the discovery sought could not have added any significant facts."  *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

On appeal, Bonner argues three reasons why the district court erred in finding no personal jurisdiction.  First, she argues that no evidentiary hearing was conducted by the district court because the parties had yet to engage in discovery.  Therefore, the district court erred in applying the "preponderance of evidence" standard in its jurisdictional inquiry.

In response, Triple-S argues that the district court applied the correct evidentiary standard because an evidentiary hearing was in fact held—we agree. The district court set a hearing on Triple-S's motion to dismiss.  During the hearing, the court invited the parties to present evidence supporting their positions.  *See Felch*, 92 F.3d at 327 n.17 (hearing was evidentiary because the court's question, "is there anything else you want to bring to my attention?" invited attorneys to present additional evidence regarding personal jurisdiction). The district court considered, *inter alia*, sworn affidavits, Bonner's testimony, emails, and other documents introduced as exhibits.  After granting Triple S's

3

No.  16-40284

12(b)(2) motion, the district court issued a Memorandum Opinion, stating that "[b]ased upon the evidence presented at the hearing and the record, the Court finds that Bonner has failed to demonstrate that Triple-S has sufficient contacts to support the exercise of specific jurisdiction over it in this case." *Bonner v. Triple-S Mgmt. Corp.*, No. 3:15-CV-279, 2016 WL 3839735, at \*3 (S.D. Tex. January 25, 2016).  Therefore, we hold that the district court conducted an evidentiary hearing and properly applied the preponderance of the evidence standard.[3]

Moreover, as Triple-S contends, discovery was unnecessary in this case because it would have served no purpose.  *See Wyatt*, 686 F.2d at 284.  Bonner did not produce any credible documents containing a valid Triple-S email address, employee title, letterhead, physical address, or phone number.  Bonner failed to raise a jurisdiction question of fact and no further discovery was warranted.  Therefore, the district court did not abuse its discretion.

Second, Bonner contends to no avail that there were "minimum contacts" between Triple-S and Texas.  For essentially the reasons stated above, the preponderance of evidence weighs against finding minimum contacts.  The main question is "whether there was 'some act by which the defendant purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S. Ct. 2846, 2854 (2011) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)); *see also Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014).  The only evidence that Bonner produced showing a legitimate interaction with Triple-S was an email

---

[3] Accordingly, we need not address whether Bonner made a prima facie showing of personal jurisdiction.

No.  16-40284

she sent to a company employee inquiring about her funds.  The response from the Triple-S employee informed Bonner that no records related to the referenced transaction were found.  Therefore, we agree with the district court that Bonner did not produce any credible evidence creating a fact issue as to whether Triple-S had minimum contacts with Texas.

Third, Bonner argues that the district court ignored the controlling forum selection/choice-of-law provision in the contract.  Because there is no credible evidence that a valid contract existed between the parties, Bonner's forum selection clause argument has no merit.

In sum, though we don't doubt that Bonner was defrauded, the evidence "unfortunately reveals that Bonner was not in contact with the actual Defendant in this case."  *Bonner*, 2016 WL 3839735, at *3.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.