# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2025

Lyle W. Cayce
Clerk

———————

No. 24-30517

———————

M. W. Prince Hall Grand Lodge, Free and Accepted Masons of Louisiana, Inc.,

*Plaintiff—Appellant*,

*versus*

Eugene Anderson, Jr., *Individually and in his capacity as President*; Jeffery G. Jones, *Individually and in his capacity as Vice President*; Emanuel J. Stanley, *Individually and in his Official Capacity as Executive Secretary*; Victor C. Major, *Individually and in his Official Capacity as Mid-Atlantic Regional Chairperson*; Maurice F. Lucas, *Individually and in his Official Capacity as Southeast Regional Chairperson*; Ronald Davie, *Individually and in his Official Capacity as Southwest Regional Chairperson*; Timothy R. Seay, *Individually and in his Official Capacity as the Regional Chairperson of the Four Corners Region*; Corey D. Hawkins, Sr.; Laurice Lamont Banks; Noel C. Osborne, Sr.; Michael T. Anderson; Mark McGraw; Paul A. Hibner; Robert M. Estelle; Conference of Grand Masters Prince Hall Masons, Inc.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CV-1364

———————————————————————

No. 24-30517

Before Wiener, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant M.W. Prince Hall Grand Lodge, Free and Accepted Masons of Louisiana, Inc. ("Prince Hall Louisiana") appeals the district court's dismissal of its claims without prejudice for lack of personal jurisdiction. For the reasons that follow, we AFFIRM.

I

Prince Hall Louisiana is a Masonic grand lodge located in Louisiana.[1] Organized in 1863, and incorporated by the Louisiana legislature in 1869, Prince Hall Louisiana operates as "a fraternal organization dedicated to the fatherhood of [its] Supreme Being and the brotherhood of men." The grand lodge has issued charters for, and oversees, several local Masonic lodges in Louisiana and other states, including Alabama, Florida, Mississippi, Oklahoma, Tennessee, and Texas.

Prince Hall Louisiana is one of the founding members of the Conference of Grand Masters Prince Hall Masons, Inc. ("Conference"), an association of Prince Hall grand lodges throughout the country and world. In 2023, during its annual meeting held in New Orleans, Louisiana, the Conference voted to suspend Prince Hall Louisiana from its membership, apparently because Prince Hall Louisiana chartered and operated extra-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] "Prince Hall Freemasonry is the oldest recognized and continuously active organization founded by African Americans." Sibyl E. Moses, *Prince Hall Freemasonry: A Resource Guide*, Libr. of Cong. (Sept. 24, 2019), https://guides.loc.gov/prince-hall-freemasonry. The Prince Hall Masons operate through grand lodges, each governing its own Masonic jurisdiction and presided over by a Grand Master. Grand lodges such as Prince Hall Louisiana are composed of affiliated local lodges and their members, who pay dues to the grand lodges.

jurisdictional lodges in states other than Louisiana. As part of that suspension, the Conference requested that Prince Hall Louisiana cancel its charters and contracts with lodges outside of Louisiana. Prince Hall Louisiana did not comply, so the Conference voted to remove the grand lodge from the Conference's membership rolls during its 2024 annual conference in Charlotte, North Carolina. The Conference also passed a resolution declaring Prince Hall Louisiana an "Irregular Grand Lodge" for its "persistent and deliberate UNMASONIC acts and violations of [the Conference's] Constitution, policies & procedures."

Shortly thereafter, Prince Hall Louisiana brought suit in the U.S. District Court for the Eastern District of Louisiana against the Conference and fourteen individual defendants who hold office or other positions of authority within the Conference. In its complaint, Prince Hall Louisiana alleged that by declaring it "irregular," the defendants interfered with its "contracts and interstate commerce" with its out-of-state lodges. Prince Hall Louisiana sought millions of dollars in damages and injunctive relief, asserting six claims for tortious interference of commerce, unfair competition, conspiracy to commit unfair competition, tortious interference with contract, conspiracy to commit tortious interference with contract, and defamation.

The defendants filed a motion to dismiss, arguing in pertinent part that the district court lacked personal jurisdiction over the Conference and the fourteen individual defendants. The district court granted the motion and dismissed Prince Hall Louisiana's claims without prejudice. The court concluded that Prince Hall Louisiana failed to establish a prima facie case for personal jurisdiction—both generally and specifically with respect to the tortious interference with commerce, unfair competition, and defamation claims—over any of the nonresident defendants. The district court also ruled that Prince Hall Louisiana had abandoned its claims for tortious

interference with contract, "the related conspiracy allegation,"[2] and its claims for punitive damages and attorney's fees by failing to address the defendants' motion to dismiss these claims in its opposition to the motion. Prince Hall Louisiana timely appealed.

## II

"We review the district court's dismissal for lack of personal jurisdiction *de novo*." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001) (per curiam) (citing *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000)). Prince Hall Louisiana, as the party seeking to invoke the power of the court, "bears the burden of proving that jurisdiction exists." *Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). It "need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices." *Id.* (italics omitted) (citing *Wyatt*, 686 F.2d at 280). We accept Prince Hall Louisiana's uncontroverted, nonconclusory factual allegations as true and resolve undisputed facts in favor of jurisdiction. *Panda Brandywine*, 253 F.3d at 868; *Luv n' care*, 438 F.3d at 469. In determining whether personal jurisdiction exists, we may consider the assertions in Prince Hall Louisiana's complaint, as well as the

---

[2] We presume this refers to Prince Hall Louisiana's claim for conspiracy to commit tortious interference with contract. Although the district court did not specifically discuss the unfair competition conspiracy allegation in its order, the court's abandonment holding applies equally to this second conspiracy claim. Indeed, Prince Hall Louisiana never once used the word "conspiracy" in its opposition. And regardless, because the district court dismissed Prince Hall Louisiana's claim for unfair competition for lack of personal jurisdiction, and Louisiana does not recognize a freestanding civil conspiracy claim, *see Crutcher-Tufts Res., Inc. v. Tufts*, 2007-1556, p. 3 (La. App. 4 Cir. 9/17/08), 992 So. 2d 1091, 1094; *Hardy v. Easterling*, 47,950, p. 6 (La. App. 2 Cir. 4/10/13), 113 So. 3d 1178, 1184, the district court necessarily dismissed this conspiracy claim as well.

contents of the record at the time of the defendants' motion to dismiss. *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006).

To establish the requisite prima facie case for jurisdiction, Prince Hall Louisiana must demonstrate that the forum state's long-arm statute confers personal jurisdiction over the defendants and the assertion of jurisdiction is consistent with due process. *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 442 (5th Cir. 2025). Because Louisiana's long-arm statute extends personal jurisdiction over nonresident defendants to the limits of federal due process, LA. STAT. ANN. § 13:3201, "the sole inquiry into jurisdiction ... is a one-step analysis of the constitutional due process requirements," *Petrol. Helicopters, Inc. v. Avco Corp.*, 834 F.2d 510, 514 (5th Cir. 1987) (per curiam) (quoting *Petrol. Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1192 (La. 1987)). In diversity cases such as this, personal jurisdiction over a nonresident defendant is consistent with due process when "(1) th[e] defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Alpine View Co.*, 205 F.3d at 215 (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999)).

The "minimum contacts" prong of our inquiry can be established through contacts that give rise to either "general" personal jurisdiction or "specific" personal jurisdiction. *Id.* General jurisdiction attaches when the nonresident defendant's contacts with the forum state are both "continuous and systematic," allowing the court to exercise jurisdiction over that defendant for causes of action unrelated to the defendant's connections to the state. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) (first citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984); and then citing *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990)).

Specific jurisdiction, however, is appropriate only "when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Id.* (first citing *Helicopteros Nacionales*, 466 U.S. at 414 n.8; and then citing *Bullion*, 895 F.2d at 216); *see also Panda Brandywine*, 253 F.3d at 868 ("[S]pecific jurisdiction . . . exists when a nonresident defendant has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" (quoting *Alpine View*, 205 F.3d at 215)).

We address the question of general and specific personal jurisdiction as to each defendant in turn below. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").

## A.    The Conference

The only allegations in Prince Hall Louisiana's complaint tying the Conference to Louisiana are that (1) the Conference accepted contracted annual dues from Prince Hall Louisiana from the Conference's inception until 2023; and (2) the Conference voted to suspend Prince Hall Louisiana from its membership rolls in 2023 at a meeting organized and held in New Orleans. These allegations, even viewed in favor of jurisdiction, are insufficient to meet Prince Hall Louisiana's burden of establishing a prima facie case of general or specific personal jurisdiction.

### 1.    *General Personal Jurisdiction*

First, the Conference's contacts with Louisiana unrelated to the litigation are not so substantial, continuous, and systematic as to satisfy due process requirements for general personal jurisdiction. *See Alpine View Co.*, 205 F.3d at 217; *see also Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001) ("[T]he continuous and systematic

contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.").

For a corporation, "the paradigm forum for the exercise of general jurisdiction is" the place "in which the corporation is fairly regarded as at home," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011), which, ordinarily, is its state of incorporation and where it maintains its principal place of business, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, it is uncontroverted that the Conference is incorporated in Delaware, and there are no factual allegations from which we may conclude that its principal place of business is in Louisiana.

While a corporation like the Conference may be "at home" for purposes of general personal jurisdiction in places other than where it is incorporated or has its principal place of business, Prince Hall Louisiana has failed to demonstrate that the Conference's "affiliations with [Louisiana] are so continuous and systematic as to render [it] essentially at home" there. *Daimler*, 571 U.S. at 137; *see Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337–38 (5th Cir. 2020) (noting that to find general personal jurisdiction in a state that is not the corporation's place of incorporation or principal place of business, it must be an "'exceptional case' where [the] corporate operations are 'so substantial and of such a nature as to render the corporation at home' in that forum" (quoting *Daimler*, 571 U.S. at 139 n.19)).

Contrary to Prince Hall Louisiana's argument, the Conference's attempt to provide governance for and acceptance of dues from Prince Hall Louisiana are not significant contacts with Louisiana on which jurisdiction over the Conference can be based. Prince Hall Louisiana is one of many grand lodges across the country and world that are members of the Conference. As the Supreme Court has explained, "[a] corporation that operates in many places can scarcely be deemed at home in all of them."

*Daimler*, 571 U.S. at 139 n.20; *see id.* ("[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." (citation modified)).[3]

Nor are the Conference's activities surrounding the 2023 annual conference in New Orleans sufficient to confer general personal jurisdiction. According to Prince Hall Louisiana, the Conference planned to hold that meeting in New Orleans "for years." The planning process allegedly included the assignment of a Louisiana Host Committee tasked with spearheading the conference, conducting local site visits, and coordinating events and an agenda. Prince Hall Louisiana further contends that for nearly three years, the Conference coordinated with Prince Hall Louisiana to plan the event, and that the Conference had contracted with the Astor Crown Plaza New Orleans to provide lodging, meeting rooms, and other accommodations for the conference. But these contacts, without more, are not so "continuous" and "substantial" as to render the Conference "at home" in Louisiana and "to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." *Id.* at 127; *see also Helicopteros Nacionales*, 466 U.S. at 416–19 (finding no general jurisdiction in Texas when contacts consisted of one visit by CEO, ordering materials from Texas, accepting checks from a Texas bank, and sending individuals to Texas

_____

[3] Prince Hall Louisiana also argues, for the first time in its opening brief, that the Conference's activities in Louisiana "subject it akin to taxation by the state and to suit to recover the tax." But there is no factual support in the district court record for this conclusory assertion regarding the Conference's tax liability in Louisiana, nor does Prince Hall Louisiana sufficiently explain its relation to a finding of general personal jurisdiction. Prince Hall Louisiana has thus forfeited this argument. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal.").

for training); *Submersible Sys., Inc.*, 249 F.3d at 420–21 (holding that sending employees every year to a conference in Houston, among other actions, was insufficient to establish general jurisdiction); *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 585 (5th Cir. 2010) (holding that attendance at two trade shows was insufficient to show general jurisdiction).

Accordingly, Prince Hall Louisiana has not presented prima facie evidence sufficient to establish general personal jurisdiction over the Conference.

### 2.    *Specific Personal Jurisdiction*

Second, none of Prince Hall Louisiana's unabandoned claims—of tortious interference with commerce, unfair competition, and defamation—arise out of or result from the Conference's forum-related contacts so as to confer specific jurisdiction over the Conference.[4]  *See Pearson*, 133 F.4th at 442.  With respect to Prince Hall Louisiana's tortious interference with commerce and unfair competition claims,[5] it alleges that the Conference improperly influenced others from doing business with Prince Hall Louisiana by suspending it from the Conference's membership rolls and later voting to declare it an "irregular" masonic lodge.  As an initial matter, the vote to declare Prince Hall Louisiana "irregular" occurred in North Carolina, not Louisiana.  In Louisiana, the Conference merely voted to suspend Prince Hall

---

[4] On appeal, Prince Hall Louisiana does not challenge the district court's ruling that it abandoned its claims for tortious interference with contract, the related conspiracy to commit tortious interference with contract allegation, and its claims for punitive damages and attorney's fees.  Nor does it address the dismissal of its conspiracy to commit unfair competition claim.  *See supra* note 2.  So, Prince Hall Louisiana has forfeited any arguments as to these claims and allegations.  *See Rollins*, 8 F.4th at 397.  We therefore focus our specific personal jurisdiction inquiry on the three unabandoned claims.

[5] Because Prince Hall Louisiana does not challenge the district court's consideration of these two claims together, we likewise consider these claims in tandem.

Louisiana's membership in the Conference; Prince Hall Louisiana does not explain how the suspension, which it could have rectified, interfered with its business. Although as part of the suspension the Conference requested that Prince Hall Louisiana stop establishing Masonic bodies in other Masonic jurisdictions, Prince Hall Louisiana did not comply and, thus, suffered no injury from that suspension. Instead, the injury Prince Hall Louisiana complains of stems entirely from the "irregular" vote that took place in Charlotte, North Carolina.

Prince Hall Louisiana argues that the Conference's actions at the North Carolina meeting nevertheless confer specific jurisdiction because the Conference directed its acts at Louisiana, and Louisiana is where Prince Hall Louisiana felt the effects of those acts. Prince Hall Louisiana's argument is premised on the fact that it is based in Louisiana and, thus, the effects of adverse actions taken against it—regardless of where those actions originate—are felt in Louisiana.

The Supreme Court has recognized an effects-based theory of specific personal jurisdiction. *See Calder*, 465 U.S. at 789 (upholding specific jurisdiction in California court over Florida defendants based on allegedly libelous "effects" of their Florida conduct in California). Thus, "an act done outside the [forum] state that has consequences or effects within the [forum] state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) (quoting *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999)).

But the "'effects' test 'is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state.'" *Panda Brandywine*, 253 F.3d at 869 (quoting *Allred v.*

*Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997)).  And here, Prince Hall Louisiana's allegations are insufficient to establish the requisite minimum contacts with Louisiana.  "There are no facts suggesting that [the Conference] purposefully availed itself of the privilege of conducting activities in [Louisiana] and invoked the benefits and protections of [Louisiana]'s laws" when it voted to remove Prince Hall Louisiana from its membership in North Carolina.  *See id.*  In other words, the Conference's contacts with Louisiana "have no relation to [Louisiana] other than the fortuity that [Prince Hall Louisiana] reside[s] there."  *Id.* (citing *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772–73 (5th Cir. 1988)); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum.").  The court therefore has no specific personal jurisdiction with respect to the tortious interference with commerce and unfair competition claims.

Prince Hall Louisiana's defamation claim suffers the same fate.  The factual basis for this claim is that the Conference circulated a document declaring Prince Hall Louisiana "irregular" on the Internet and social media, allegedly in an effort to "defame and disparage" Prince Hall Louisiana.  Prince Hall Louisiana alleges that this purported scheme to defame and disparage it transpired at the meeting in North Carolina.  There are no facts indicating that the Conference made the social media and Internet posts in Louisiana, purposefully directed the posts to a Louisiana audience, or relied on Louisiana sources.  *Cf. Calder*, 465 U.S. at 788–89.  Indeed, the content of the posts concerned the vote that took place in North Carolina, not New Orleans.  Without a nexus between its defamation claim and the Conference's contacts with Louisiana, Prince Hall Louisiana has failed to offer sufficient evidence to support a prima facie case of specific jurisdiction.  *See Walden*, 571 U.S. at 290 ("[A]n injury is jurisdictionally relevant only

insofar as it shows that the defendant has formed a contact with the forum State.").

Prince Hall Louisiana has therefore failed to present a prima facie case for specific personal jurisdiction over the Conference.

## B. Individual Defendants

In addition to the Conference, Prince Hall Louisiana names as defendants fourteen individuals: the President, Vice President, and Executive Secretary of the Conference; four Regional Chairpersons of the Conference; and seven Grand Masters. None are residents of Louisiana according to Prince Hall Louisiana's complaint.

When, as here, a case involves multiple defendants, the plaintiff "may not aggregate defendants' forum contacts and may not establish personal jurisdiction without specifying who did what." *Pearson*, 133 F.4th at 442 (citing *Rush v. Savchuk*, 444 U.S. 320, 331–32 (1980)); *see Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 F. App'x 281, 284 (5th Cir. 2019) (per curiam) (requiring "plaintiffs to submit evidence supporting personal jurisdiction over each defendant without grouping them together"). Prince Hall Louisiana failed to assert any individualized allegations from which we may assess the court's personal jurisdiction over these fourteen defendants. Instead, Prince Hall Louisiana's factual allegations pertain solely to the acts of the Conference, none of which are specifically ascribed to its officials or members. *See Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985) ("[T]he general rule is that jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation."). Prince Hall Louisiana's claims are likewise asserted against "Defendants," generally, without

delineation between their actions.[6] This is insufficient to support personal jurisdiction.

## III

Lastly, Prince Hall Louisiana argues that, should this court find insufficient evidence of personal jurisdiction, the case should nonetheless be remanded to the district court for jurisdictional discovery. Prince Hall Louisiana never requested leave to conduct jurisdictional discovery before it submitted its opposition to the defendants' motion to dismiss. And regardless, as discussed above, Prince Hall Louisiana has not made a "preliminary showing of jurisdiction" by "present[ing] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Bonner v. Triple-S Mgmt. Corp.*, 661 F. App'x 820, 822 (5th Cir. 2016) (per curiam) (quoting *Wyatt*, 686 F.2d at 284); *see also Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." (citing *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987))).

Because the lack of personal jurisdiction in this case is clear, discovery would serve no purpose.

---

[6] Beyond the case caption and initial list identifying the parties, the individual defendants' names appear nowhere else in the complaint aside from the prayers for relief, where Prince Hall Louisiana attempts to hold the defendants jointly and severally liable for damages and attorney's fees, and to enjoin them from engaging in the acts "committed by said Defendants jointly and severally."

No. 24-30517

## IV

The district court properly granted the defendants' motion to dismiss for lack of personal jurisdiction. Accordingly, we AFFIRM the judgment of the district court granting the defendants' motion to dismiss for lack of personal jurisdiction and dismissing Prince Hall Louisiana's claims without prejudice.